State ex rel. Improvement Company et al. vs. Judges, etc.

ture merely reinstated a salutary formality which at all previous times, had been prescribed and observed, thus leaving the constitutional provision in a state of perfect integrity.

If the plaintiff corporation has, by its inaction, permitted the door for relief to be closed upon it, it has no one to blame but itself. The court is powerless to interfere.

Judgment affirmed.

## No. 10,387.

STATE OF LOUISIANA EX REL. MEXICAN INTERNATIONAL IMPROVEMENT COMPANY ET AL. VS. A. VOORHIES AND F. D. KING, JUDGES, ETC.

1. When a judge of the Civil District Court, to whom a cause has been allotted, recuses himself *ex proprio motu*, and the cause has been re-allotted to the judge of another division, the latter is without authority to review and annul the order of recusation rendered by the former. No provision of law or Constitution vests one judge of that court with power to revise the decision of another. If the recusation be illegal it can be remedied only in a tribunal having appellate or supervisory jurisdiction.

2. When such a recusation is made, it is the duty of parties promptly to object, unless they mean to acquiesce, and, if their exception or objection be overruled, to apply for proper remedy.

3. If they keep silence and suffer various proceedings to progress in the cause based on the assumption of the validity of the recusation, they will be presumed to have acquiesced and will not be permitted, after the cause has progressed to the point of trial, to urge before the last judge, for the first time, objections which should have been urged at the time of recusation and before the judge recusing himself.

APPLICATION for Mandamus and Prohibition.

*Max Dinkelspiel, C. F. Buck, W. W. Howe* and *Farrar, Jonas & Kruttschnitt* for the Relators.

*Walter H. Rogers,* Attorney General, and *E. H. McCaleb,* for the Respondents.

The opinion of the Court was delivered by

FENNER, J. The facts on which this application is based are as follows:

A certain suit entitled The State of Louisiana vs. The Mexican International Improvement Company *et al.,* had been filed in the Civil District Court for the parish of Orleans, and had been regularly allotted to Division " E," presided over by the respondent, Judge Voorhies. The defendants had appeared and filed exceptions and a rule to dissolve injunction, which had been fixed for trial on April 5th, 1889, on which

day, the said judge *ex proprio motu* recused himself on the ground of relationship to two stockholders of the defendant company. His order was entered on the minutes, no party objecting thereto and no protest being made by any one.

In accordance with Art. 130 of the Constitution, the case was then re-allotted to Division "C," of the court presided over by Judge F. A. Monroe. The State then again caused the rule and exceptions to be fixed for trial on April 12th, 1889, on which day the judge also recused himself *ex proprio motu* on similar grounds. No objection or protest was made by any party, and the case was again allotted to Division "B," presided over by respondent Judge King, and the State again caused the rule and exceptions to be fixed for trial on April 22d, 1889. On that day, before the case was taken up, the defendants appeared and filed a rule setting up the facts aforesaid, averring the nullity of the orders of recusation aforesaid and praying that the plaintiff show cause *instanter* why said orders should not be declared null and void and why said Judge King should not decline all jurisdiction of the cause and why it should not be remanded to Division "E," presided over by Judge Voorhies.

This rule was discharged by Judge King, on the grounds that he had no jurisdiction to pass upon the reasons of recusation by his brother judges or to overrule their orders, and that if he were to render a judgment remanding the cause to be tried by Judge Voorhies, he would have no power to enforce it.

Thereupon relators presented the present application to this court asking for a writ of prohibition restraining Judge King from proceeding in the cause and for a mandamus ordering Judge Voorhies to take jurisdiction thereof and to proceed in its exercise.

Judge Voorhies responds by a simple statement of the facts on which he based his recusation, which are that he is related to two stockholders of the defendant corporation, his and their respective fathers being cousins german.

Judge King responds justifying his action in declining to review the orders of his brother judges and in maintaining his own jurisdiction, on the grounds above stated and on the further ground that relators had, by their silence and failure to object during the various proceedings had up to the day when the case was fixed for trial before him, acquiesced therein and disabled themselves from complaining thereof.

It is very clear that Judge Voorhies had no legal ground for recusing himself. Art. 338 of the C. P., assigns relationship as a ground of recusation only when within the fourth degree. Art. 340 provides that a

judge can recuse himself "only in such cases where the parties would have the right of recusing him." Art. 892 C. C. declares that cousins german are related in the fourth degree, and hence, on the judge's own statement, his asserted relationship is only in the sixth degree. Therefore, pretermitting the question as to whether relationship to two stockholders of a defendant corporation is such relationship "to one of the parties" as is defined by the law as a ground of recusation, it is manifest that he had no valid cause.

Equally clear is it to our minds that Judge King was correct in declining to review and set aside the orders of his brother judges in recusing themselves and in maintaining his jurisdiction until those orders were set aside by competent authority.

The reasons given by him are amply sufficient and are of self-evident strength. They are not in the slightest degree in conflict with the decisions of this court, relied on by relators, which are only applicable to the case where a plea of recusation has been filed by a party to the suit. In that case, unless the judge accepts and admits the plea, an issue is raised in the case, which for obvious reasons, he is incompetent to decide, and that issue, as well as all others, must be referred to the competent judge, who is not called upon to review a decision rendered by a competent judge, but simply decides an original issue for the first time.

If he sustains the plea, he holds the case; if he overrules it, he maintains the jurisdiction already claimed by the first judge, and no difficulty can arise as to the progress of the cause. But when a judge recuses himself *ex proprio motu*, he renders a decision in the case which can only be reviewed by some tribunal vested with supervisory or appellate jurisdiction over him.

No provision of Constitution or law vests one co-ordinate judge of the Civil District Court with authority to revise or annul the decision of another, or with any power to enforce such reversal.

If the relators were dissatisfied with the action of Judge Voorhies in recusing himself, the course for them to pursue was obvious. They should have excepted to or protested against it, and, if overruled, they should have resorted to the remedy of mandamus in this court, to compel him to exercise the jurisdiction vested in him by law, and to perform the duties attached to his office, which he was illegally refusing to exercise and perform.

It is not alleged that relators were ignorant of the insufficiency of the grounds of recusation or of the facts on which it rested. If they were ignorant, they should have applied for information which could not have been denied. Had objection been made, and particularly had the

judge's attention been called to the plain textual provisions of the law which we have cited, it is evident the recusation could not have been persisted in.

Having submitted in silence and without objection, the judge, as well as their adversaries, had the right to assume that they acquiesced, and to proceed with the case in regular course on that presumption. Hence the case was regularly re-allotted; was fixed for trial before Judge Monroe; he recused himself; it was again re-allotted; again fixed for trial before Judge King; and it was only when a trial was about to be had before a judge ready to hear it, that, for the first time, relators are heard to utter a whisper of objection to the recusation of Judge Voorhies. Such conduct cannot be tolerated. It serves to accumulate costs, to exaggerate legal delays, and to waste the time and trouble of judges and officers of court and litigants.

In such a matter it was the plain duty of relators either to have acquiesced or to have objected to the order, and if they objected, to have resorted to the proper remedy. Not having objected, and having taken no proper action, they must be assumed to have acquiesced, and after having suffered judges, officers and litigants to act on that assumption in so many ways and for a considerable period, it is too late for them to evade a trial by raising the objection for the first time when the case is about to be taken up. It involves no question of jurisdictional power. Judge King was perfectly competent to hear and determine the cause, and no irregularity of allotment would vitiate or impair his authority in absence of timely objection; and the objection here was not timely and should have been made before Judge Voorhies. State *ex rel.* Buisson vs. Lazarus, 33 Ann. 1425; Pironi vs. Riley, 39 Ann. 302.

The only excuse offered by relators is that they considered that the judge to whom the case was allotted was the only one that could receive or dispose of objection to the recusation of the former judge.

This excuse seems inconsistent with the remedy now invoked, because, on that theory, they should have applied for a mandamus on Judge King, directing him to take jurisdiction of and to decide upon the validity of Judge Voorhies' recusation, which he had declined to do. Instead of this they resort to the clear and only proper remedy, open to them from the first, viz : a mandamus to compel Judge Voorhies to proceed with the case.

Holding that the relators have, by their conduct, tacitly acquiesced in the recusations, we think they cannot recall that acquiescence, and we shall leave the existing *status* of the case undisturbed.

It is, therefore, ordered and decreed, that the mandamus and prohibition applied for be denied at relators' costs.