Elizabeth V. Duss v. J. S. Duss, Jr.

160 So. 488.
Division B.
Opinion Filed March 12, 1935.
Rehearing Denied April 25, 1935.

*T. H. Getzen,* for Appellant;

*George I. Fullerton,* for Appellee.

Ellis, P. J.—The complainant, Elizabeth Duss, in March, 1933, exhibited her bill of complaint in the Circuit Court of Volusia County, against her husband, J. S. Duss, Jr., upon the ground of desertion.

The bill charges desertion of the complainant by the defendant for a year next preceding the filing of the bill. The bill alleges that the defendant "willfully and without cause on the part of plaintiff" deserted the complainant "and has continued to do so for a space of more than one year next preceding the date of filing of this Bill of Complaint, and has continued to willfully and obstinately desert plaintiff, without any cause on the part of plaintiff, for said period, wherefore plaintiff charges continued desertion for

a period of more than one year preceding the filing of this her Bill of Complaint."

A decree *pro confesso* was entered against the defendant by the clerk on the return day of the summons in chancery for failure to appear. Judge M. G. Rowe of the Seventh Judicial Circuit certified to his disqualification on personal grounds, stating that he had been a classmate of the defendant and that he was a close personal friend to both of the parties. Subsequently to the date on which the certificate of disqualification was made the parties by their counsel agreed by stipulation that a motion to vacate the *pro confesso* order should be submitted to Judge George William Jackson of the Twenty-fifth Circuit of St. Augustine. It was also agreed between solicitors for the parties that Judge Rowe was disqualified to sit as Judge in the cause.

The motion to vacate the order *pro confesso* was submitted to Judge Jackson and he granted the motion. The defendant interposed his answer denying the charge of desertion and averred that the complainant in May, 1913, deserted the defendant and has willfully and obstinately continued in such desertion since that time.

Two days after the answer was filed the defendant filed a cross bill against his wife charging desertion by her and prayed for divorce from her. The complainant then filed a petition for temporary and permanent alimony and solicitor's fees.

A special examiner was appointed to take the testimony after which the complainant filed her answer to the cross bill.

The pleadings were then amended again relating particularly to the defendant's condition and ability to pay alimony and solicitor's fees.

The Master made his report of the testimony on September 18, 1933, and the Governor of Florida in October designated Honorable George W. Jackson of the Twenty-fifth Circuit to hear and determine the cause, it being recited in the order that Judge Rowe had certified to his disqualification.

The Chancellor by final decree dissolved the marriage existing between the defendant and complainant and denied the prayer of the complainant for alimony. From that decree an appeal was taken.

It is contended by appellant that Judge Rowe was not disqualified as judge to try the cause; that the stipulation between the solicitors agreeing that he was and the submission of the cause to Judge Jackson of another circuit was void, and that the Governor's order appointing Judge Jackson to try the cause based upon Judge Rowe's certificate of disqualification was also void, therefore the decree was without authority of law.

The parties in this case not only acquiesced in the certificate of Judge Rowe that he was disqualified and proceeded to a final hearing of the cause by Judge Jackson under an executive order to try the cause in view of the disqualification of Judge Rowe as certified by him, but by agreement in writing agreed among themselves that Judge Rowe was disqualified and now seek to question the propriety of such certificate for the first time in this Court.

The objection, assuming that it may have had some merit at an earlier stage in the proceeding, was waived by the appellant and she cannot now open the question. See Brownlee v. State, 95 Fla. 775, 116 South. Rep. 618; State v. Voorhiss, 41 La. Ann. 567, 6 South. Rep. 826.

There is likewise no merit in the contention that the order vacating the *pro confesso* order was erroneous, because the

complainant several months after such order was made amended her bill of complaint by which she not only sought divorce from her husband but alimony unconnected with divorce under the provisions of Section 4988 C. G. L. 1927 and temporary and permanent alimony and suit money. The effect therefore of vacating the order *pro confesso* was nullified by the complainant's action in filing her amended bill in which she sought different and more complete relief. The effect of that action of hers was to remove from the case as a practical issue the question of the propriety of the order vacating the decree *pro confesso*. See Howard v. Pensacola & A. R. Co., 24 Fla. 560, 5 South. Rep. 356.

We have discovered no error in the proceedings after carefully examining the record. The evidence submitted amply sustains the Chancellor's decree. So the decree is affirmed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.