PONDER, Justice.
 

 On January 1, 1938, the relator, M. R. Stewart, was convicted and sentenced to 24 hours in jail for contempt of court. ■The relator applied to this court for the writs of certiorari, mandamus, and prohibition. The writ of certiorari was granted and a rule nisi issued.
 

 On October 5, 1937, one, Harry Reeves, was indicted on a charge of manslaughter and on the same day the accused was arraigned and upon entering a plea of not guilty his case was fixed for trial for October 20, 1937. Prior to the date of the trial a motion for a change of venue was tried and overruled. On the date fixed for the trial a motion to quash the indictment was tried and the indictment was quashed. The district attorney thereupon filed bills of information charging the accused with manslaughter. The accused was arraigned on these charges and the cases were fixed for trial November 18th. Prior to the date of the trial another motion for a change of venue was tried and overruled. Prior to the date of the trial the court granted a continuance of the case and refixed the date of the trial for January 17th. On Janu
 
 *563
 
 ary 17th the accused, through his attorney, the relator, filed a motion to recuse the trial judge. The motion was submitted without evidence, without argument, and without any request that the motion be referred to another judge for trial. The motion was overruled by the court and the defendant’s counsel reserved a bill of exception to the ruling of the court. The district attorney filed a petition asking that the relator be ruled into court to show cause why he should not be held in contempt of court because of certain language used in article 3 of the motion to recuse. Judge Mark C. Pickrel had presided in all of the proceedings up and until the district attorney filed the application for the rule, at which time Judge John T. Hood, ascended the bench and fixed the return day of the rule for January 20th. The return day on the rule was later extended to January 31st. Prior to the trial of the rule for contempt the accused, Harry Reeves, was acquitted. On the date set for the trial of the rule the relator filed an exception to the jurisdiction of court and exceptions of no cause or right of action, which were tried and overruled. The relator excepted to the ruling of the court and reserved bills of exceptions. The rule was called for trial, which was objected to by the relator, and after the evidence was adduced it was argued and submitted. The court found relator guilty of contempt and after the relator had reserved bills of exceptions to the ruling of the court the relator was sentenced to 24 hours in jail.
 

 The relator contends that it was the duty of the trial judge to submit the motion to recuse to another judge for trial. We cannot inquire into the action of the trial judge in overruling the motion to recuse without referring the motion to another judge for trial for the reason that the accused, Harry Reeves, on whose behalf the motion was filed, has been acquitted.
 

 The relator contends that respondent judge, Hon. John T. Hood, was without jurisdiction to try the rule for contempt. It is relator’s contention that only the judge presiding over the court at the time the alleged contempt was committed has jurisdiction to try the rule for contempt.
 

 The respondent judge in his return states that there are two judges of the Fourteenth judicial district and that these judges have equal rights . and concurrent powers; that there is no division of the district as to the allotment of any particular territory to each of the judges nor is there any division of the court into sections; that both judges hold court 10 months of the year in any or all parishes of the district concurrently; that the only division of the work of the district is made by the judges, themselves, for their own convenience in dispatching the business of the court; that under their system either judge may legally try every case in the district for the entire year, or every case in any parish during the entire year; that in his opinion he is authorized and empowered under the constitution to try and punish such cases to the same extent and in the same manner as such cases could be tried by the other presiding judge; that Judge Mark C. Pickrel agreed to try the case of State
 
 *565
 
 v. Reeves for the convenience of the respondent judge and solely at his request; that the motion for recusation was filed in open court without being read and was submitted on its face without evidence, without any request that evidence be taken, without argument, and without any request that the motion be referred to any other judge for trial; that the motion to recuse was supported only by the affidavit of the accused on information and belief; and that as a matter of fact had not the presiding judge requested that the motion be handed to him so that he might read it he would not have known the contents or that it was seriously urged.
 

 It is well settled that no court except that against which the contempt is committed has power to punish it. It is also well settled that the object of contempt proceedings is to vindicate the authority and dignity of the court and-any court in which an alleged contempt has been committed has the inherent power to- punish for such offense. Section 124 of the Revised Statutes provides:
 

 “If any counselor or attorney-at-law shall he guilty of any contempt towards any court of this State, he may be punished therefor by fine not exceeding one hundred dollars, or by imprisonment not exceeding twenty-four hours, or both, at the discretion of the court; and if the offender be guilty more than once of the like offense towards the same court, he may be punished therefor by fine not exceeding two hundred dollars, nor less than one. hundred dollars, or by imprisonment not exceeding ten days, or both, at the discretion of the court.”
 

 Section 125 of the Revised Statutes provides :
 

 “Nothing shall be construed or taken to be a contempt of court by an attorney, but what shall be said, done or committed directly in the presence or hearing of the court, during the sitting of the same; and which shall abuse, vituperate or insult any judge of- the court, or any other person in or belonging to the court, or resist the authority or interrupt the proceedings thereof.
 

 “Nor shall any attorney be otherwise punished for any contempt of court, or for any other cause than is specified in this and the preceding section. Nothing in this section shall be so construed as to alter the law for the punishment of persons not obeying any summons, writ or order issuing from any court of record in this State.”
 

 It is to be noted in these articles of the Revised Statutes that the offense is one against the court. We find this to be true in all the statutes of this State dealing with contempt.
 

 It is not and cannot be disputed that the two judges of. the Fourteenth judicial district court have equal and concurrent jurisdiction. That being the case either judge would have jurisdiction to try the rule to ascertain whether or not the relator has committed the offense of contempt against the court. Furthermore, we do not see how the relator can justly complain at being tried by the respondent
 
 *567
 
 judge or that he has suffered any injury thereby.
 

 For the reasons assigned,’ the rule nisi is recalled and the application for writs is denied at relator’s cost.