61 So.2d 879

**PROCEEDINGS ON BEHALF OF JUDGE OF SECTION "A" OF CRIMINAL DISTRICT COURT FOR PARISH OF ORLEANS v. GROSCH et al.**

No. 40820.

Nov. 10, 1952.

Edward A. Haggerty, Jr., 1st Asst. Dist. Atty., New Orleans, for relator.

Eugene Stanley, New Orleans, for respondent.

HAMITER, Justice.

In these contempt proceedings the instant dispute is wholly between Honorable William J. O'Hara and Honorable Neils F. Hertz, Judges of Sections "A" and "F", respectively, of the Criminal District Court for the Parish of Orleans.

On March 11, 1952, Judge O'Hara caused to be issued a rule directing Honorable John J. Grosch, Sr., Criminal Sheriff, and Honorable Joseph H. Abadie, Deputy Criminal Sheriff, both officials of Orleans Parish, to show cause why they should not be adjudged guilty of contempt of the authority of the Criminal District Court for the Parish of Orleans for allegedly having willfully and intentionally refused to comply with Judge O'Hara's order to release into the custody of members of the New Orleans Police Department one Leroy Campbell who was then being held in the Parish Prison.

When the rule came on for a hearing on March 14, 1952, Sheriff Grosch and Deputy Sheriff Abadie, through counsel, moved in writing that Judge O'Hara recuse himself in the matter. The Judge, after due consideration, sustained the motion, entering an order recusing himself and directing that the rule for contempt be allotted to one of the other five Sections of the

Court. Thereupon, the proceedings were referred to the Clerk of the Criminal District Court for allotment, resulting ultimately in their being allotted to the Court's Section "F" over which Judge Hertz presides.

On April 16, 1952, Judge Hertz, ex proprio motu, ruled that he was without jurisdiction to hear the contempt proceedings, he reasoning that the act or acts allegedly committed were against the dignity of an order issued by Judge O'Hara of Section "A", not any issued by him as Judge of Section "F". Accordingly, he instructed the Clerk of Court to return the proceedings to Section "A" where they "were originally instituted to be proceeded with according to law."

Following the ruling the District Attorney for the Parish of Orleans, as the representative of Judge O'Hara, applied to this court for remedial writs. Relator prayed that Judge Hertz be prohibited from enforcing his transfer order; that he be directed to reinstate the contempt rule on the docket of Section "F"; and that he be instructed to proceed to the trial thereof in the manner provided by law. To the application Judge Hertz filed an opposition, reiterating the reasons for his ruling.

We issued the writ of certiorari and a rule to show cause. And on the designated return day the matter was submitted for our consideration.

Whether sufficient legal grounds existed for Judge O'Hara's recusation of himself need not be determined. The defendants in the rule for contempt do not and cannot question that act, because they requested it. Nor has Judge Hertz the right to urge that Judge O'Hara acted illegally. Although presiding over different sections, both Judges are members of one and the same court, Article 7, Section 82, Constitution of 1921; they have equal and concurrent jurisdiction; and each is without authority to revise or annul the decisions of the other. See State of Louisiana ex rel. Mexican International Improvement Company v. Voorhies, 41 La.Ann. 567, 6 So. 826. In view of this, and since the record before us does not contain a copy of the Rules of the Criminal District Court for Orleans Parish from which it might possibly be concluded that the allotment was improper, the only issue presented for our determination is whether or not Judge Hertz has jurisdiction to try the contempt proceedings.

Decisive of the issue, we think, is our holding in State v. Reeves (In re Stewart), 189 La. 560, 180 So. 409, 411. Therein, one M. R. Stewart, who had been adjudged guilty of contempt of the authority of the Fourteenth Judicial District Court consisting of two judges, complained here that only the judge presiding over the court at the time of the commission of the alleged infraction had juris-

diction to try the rule for contempt. In answering the complaint, after quoting certain provisions of the Louisiana Revised Statutes, we said:

"It is to be noted in these articles of the Revised Statutes that the offense is one against the court. We find this to be true in all the statutes of this State dealing with contempt.

"It is not and cannot be disputed that the two judges of the Fourteenth judicial district court have equal and concurrent jurisdiction. That being the case either judge would have jurisdiction to try the rule to ascertain whether or not the relator has committed the offense of contempt against the court. * * *"

 Similarly, as pointed out above, the Criminal District Court for Orleans Parish is one court with the several judges thereof having equal and concurrent jurisdiction; and the instant contempt offense was committed, if at all, against the dignity of the court itself, not against any individual judge. True, the court involved here, unlike that in the Stewart case, is divided by law into sections. But obviously the division was effected and it presently obtains solely for the purpose of facilitating the work of the court, and it is of no moment or consequence insofar as the jurisdiction of the respective judges is concerned. We conclude, therefore, that Judge Hertz is vested with jurisdiction to hear the rule for contempt over which this dispute arises.

For the reasons assigned the writs are made peremptory, and Judge Niels F. Hertz, Judge of Section "F" of the Criminal District Court for Orleans Parish, is hereby ordered and directed to reinstate on the docket of such section of the court the rule to show cause for contempt issued at the instance of Judge William J. O'Hara to the above mentioned Criminal Sheriff and Deputy Sheriff, and to proceed to a hearing or trial of the rule in accordance with law.