ROBERT L. SNOW v. HOBART HAWKES.

(Filed 19 April, 1922.)

**1. Contempt—Courts.**

Contempt of court is not only a willful disregard or disobedience of its orders, but such conduct as tends to bring the authority of the court and the administration of the law into disrepute, or to defeat, impair, or prejudice the rights of witnesses or parties to pending litigation.

**2. Same—Common Law—Classification—Statutes.**

Contempt of court is classified at common law as direct contempt, or words spoken or acts done in the presence of the court tending to defeat or impair the administration of justice, and consequential or indirect or constructive contempt, having a like tendency, done at a distance, and not in the presence of the court, and is preserved with its distinction by our statute, C. S., 978, 985, in the former of which the offender may be instantly apprehended and dealt with, and in the latter by a rule issued based upon affidavit requiring the suspected party to show cause why he should not be attached; and in either instance the guilty person may be suitably punished.

**3. Same—Inherent Powers—Legislative Powers.**

The power to punish for either direct or indirect contempt is inherent in the court as necessary to its exercise of its other powers, and is a part of the fundamental law which the Legislature can neither create nor destroy.

**4. Same—Jurisdiction—Culminating Effect.**

Where a defendant has been liberated on bail by a bond given by himself with his father as surety, in plaintiff's action to recover damages for the seduction of his daughter, and in proceedings as for indirect contempt it is found as a fact by the Superior Court judge hearing the same that the respondent, the defendant's father, meeting the plaintiff in another state, procured his written agreement to have his pending suit dismissed through fear of arrest and imprisonment: *Held*, the act of the respondent in obtaining the writing under illegal duress, was punishable as for indirect contempt of court; and he having submitted to the jurisdiction of the court wherein the action was pending, the unlawful scheme, though originating in another state, was coextensive with the illegal purpose culminating in our court, and there punishable.

APPEAL by respondent from *Long, J.,* at October Term, 1921, of SURRY.

Rule to attach W. A. Hawkes as for contempt.

The plaintiff brought suit against the defendant to recover damages for the seduction of the plaintiff's daughter, and upon proceedings in arrest and bail the defendant executed a bond with his father, W. A. Hawkes, as surety. Later, the plaintiff and W. A. Hawkes happened to meet each other in Hillsville, Va. There W. A. Hawkes compelled the plaintiff by threat of immediate imprisonment (in default of bail) to

SNOW *v.* HAWKES.

affix his signature to a withdrawal of, or an agreement to withdraw, his suit against the defendant, then pending in Surry County, N. C. Upon plaintiff's affidavit a rule was served on said W. A. Hawkes to show cause why he should not be attached as for contempt. The respondent answered the rule, and did not question the court's jurisdiction of his person. Several affidavits were filed, and at the hearing his Honor found, in substance, the following facts:

The plaintiff duly instituted the above entitled action in Surry, where the cause arose, and obtained an order for the arrest of the defendant, and the defendant entered into bond in the sum of $5,000 with the respondent as surety. The summons was duly served and the pleadings were regularly filed. After the action had been instituted and while it was pending W. A. Hawkes met the plaintiff in Hillsville and told him that Hawkes and the clerk of the court of Carroll County, Va., had found a bill of indictment pending in the court there charging the plaintiff with burning Hawkes's barn some fifteen years before that time, and that if the plaintiff did not withdraw the suit pending in Surry, Hawkes would have plaintiff arrested before he could leave town. Plaintiff could give no bail at Hillsville, and to avoid arrest and imprisonment he signed the paper referred to purporting to be a receipt or agreement executed in consideration of $10. The plaintiff can neither read nor write, and did not understand the full meaning of the paper. The plaintiff is satisfied that his daughter was debauched by the defendant. W. A. Hawkes for many years has had the general reputation of being a blockader, and now has the general reputation of intimidating witnesses and parties who appear against him and of exerting a demoralizing influence on the entire community in which he lives. His general character is bad.

His Honor further found as a fact that procuring the plaintiff's signature to the paper by the means set out tended by its operation to embarrass and obstruct the due administration of justice in the pending suit, and pronounced judgment, from which the respondent appealed.

*J. H. Folger for appellant.*
*Carter & Carter for appellee.*

ADAMS, J. Contempt of court signifies not only a willful disregard or disobedience of its orders, but such conduct as tends to bring the authority of the court and the administration of the law into disrespect or to defeat, impair, or prejudice the rights of witnesses or parties to pending litigation. At common-law contempts were classified as direct and consequential. Direct contempt may be defined as words spoken or acts done in the presence of the court which tend to defeat or obstruct

the administration of justice; and consequential, or indirect, or constructive contempt is an act, having like tendency, done at a distance, and not in the presence of the court. The distinction between these classes is preserved in our statute law. Acts punishable for contempt are set out in section 978, and acts punishable as for contempt in section 985 of the Consolidated Statutes. In case of the former the offender may be instantly apprehended and dealt with, but for the latter, ordinarily a rule based upon affidavit is issued requiring the suspected party to show cause why he should not be attached. But in either instance suitable punishment may be administered. In *McCown's case,* 139 N. C., 95, *Walker, J.,* in a learned and comprehensive opinion said, in substance, that the power of the courts to punish for contempt is a part of the fundamental law; that it is not conferred by legislation, being an inherent power which the Legislature can neither create nor destroy; and that it arises from necessity, because it is necessary to the exercise of all other powers. And Blackstone characteristically remarks that the process of attachment for contempt "must necessarily be as ancient as the laws themselves." 4 Bl., 286.

The respondent does not controvert the power of the court to punish for contempt, whether direct or constructive; but to the judgment rendered in the case at bar he interposes two objections. He contends (1) that the act complained of is not punishable as for contempt, and (2) that if it is, the act was done outside the territorial jurisdiction of the court.

As to the first contention, the instant question is whether the means used by the respondent to effect dismissal of the plaintiff's suit tended to impair or prejudice the rights or remedies of the plaintiff, or to defeat the administration of justice. At common law contempt might be committed by treating with disrespect the rules or process of the court, or by perverting such process to the purposes of private malice, extortion, or injustice. 4 Bl., 286. The common-law principle includes any attempt to intimidate or willfully and unlawfully to prevent a person from instituting or defending an action in any court of record. Rapalje on Con., 27 n, 1. To compass the same end our statute in like manner provides that every court of record shall have power to punish as for contempt any person whose unlawful interference with the proceedings in any action shall tend to defeat, impair, impede, or prejudice any party's rights or remedies, and that such power shall extend to all cases where before the statute was enacted attachments and proceedings as for contempt had been adopted and practiced in courts of record for the enforcement of remedies or the protection of rights. C. S., 985, subsecs. 3 and 7. This principle is applied in numerous decisions. It has been held, for example, that a person who presents to the court a

fraudulent claim for the payment of money, or willfully interposes a false answer, or decoys a witness or dissuades him from attending the trial, or insults, on account of an adverse verdict, a juror who has been discharged, or willfully does any other act which tends to defeat the rights of any party to a pending action may be punished as for contempt. *In re Fountain,* 182 N. C., 49; *S. v. Moore,* 146 N. C., 653; *In re Young,* 137 N. C., 553; *In re Gorham,* 129 N. C., 481; *Ex parte Toepel,* 102 N. W., 369; *Scott v. State,* 109 Tenn., 390. Here it may be noted that the last paragraph of section 978 is applicable not to constructive but to direct contempt. If the respondent, by the direct application of over-powering physical force, had obtained dismissal of the plaintiff's suit, his act would have been no more effective than intimidation or duress by a threat of imprisonment; and the written agreement procured under duress, although the court was not in session, was unquestionably an act which tended directly to interfere unlawfully with the pending suit, and to impair the remedy and defeat the rights of the plaintiff.

The second objection involves a question of jurisdiction, but in our opinion it cannot avail the respondent. It is true that the plaintiff's signature to the alleged agreement was procured in Virginia, and that the court had no extra-territorial jurisdiction; but since the respondent appeared in court, answered the rule, and made his defense the question of jurisdiction is material only as it relates to the operation and ultimate effect of his wrongful act. It is perfectly obvious that the respondent's paramount object was to secure dismissal of the plaintiff's suit by fraud, deceit, and imposition on the court. The imposition was to be con-summated in the county where the action was pending through an unlawful scheme which was intended to be not only continuing, but coextensive with the illegal purpose, and therefore operative in the Superior Court of Surry. The respondent's act is plainly embraced in the provisions of the statute to which we have referred and the mere fact of his absence at the time he put the agency in motion cannot absolve him from the imputation of constructive contempt.

There being no error in the record, his Honor's judgment must be

Affirmed.