PRINE *et al. v.* STATE.*

(Division B.    June 7, 1926.)

[108 So. 717.    No. 25640.]

1. CONTEMPT.  *Contempt of court, based on attempt to intimidate witness in prosecution pending therein, is offense against state, and prosecution must be in name of, and on behalf of, public.*

Prosecution for contempt of court, based on an attempt to intimidate a witness in prosecution pending therein, is an offense against the state, and not against the judge personally holding court, and must be in the name of, and on behalf of, the public (citing Words and Phrases, "Contempt").

2. CONTEMPT.

Information for contempt of court, based on attempt to intimidate witness in prosecution pending therein, *held* to show that it was filed by district attorney with authority to represent the state.

3. CONTEMPT.

Indorsement of circuit judge on information for contempt, authorizing clerk to issue citation, *held* to constitute leave of court to file information.

4. CONTEMPT.  *Information for contempt need not conclude against peace and dignity of state, as required in indictment (Constitution 1890, section 169).*

An information for contempt of court, based on attempt to intimidate witness in prosecution pending therein, need not conclude against the peace and dignity of the state of Mississippi. as required of indictments by Constitution 1890, section 169.

5. CONTEMPT.

Information for contempt of court, based on attempt to intimidate witness in prosecution pending therein, *held* sufficient to inform defendants of nature and character of charge.

6. CONTEMPT.

Information by district attorney for contempt of court need not have been specially sworn to, particularly where express authority for its filing had been given by circuit judge.

7. CONTEMPT.
Punishment for criminal contempt rests exclusively with the court against whom contempt was directed.

8. CONTEMPT.
Statutes regulating venue of trials of criminal offenses generally are inapplicable to contempt proceedings.

9. CONTEMPT. *Information for contempt held not void because of failure to state venue (Constitution 1890, section 26).*
Information for contempt of court, based on attempt to intimidate witness in prosecution pending therein, *held* not void because of failure to state venue, as required by Constitution 1890, section 26, in prosecutions by indictment and information.

10. CONTEMPT.
Conviction for contempt of court, based on attempt to intimidate witness in prosecution pending therein, will not be reversed, because threats failed to prevent attendance of witness.

---

*Corpus Juris-Cyc. References: Contempt, 13CJ, p. 39, n. 46 New; p. 52, n. 11; p. 60, n. 14; p. 61, n. 28 New; p. 63, n. 59; p. 65, n. 81, 84, 85, 89 New; p. 67, n. 10 New, 18; Forcing party or prosecuting witness to withdraw or not to institute action or proceeding as contempt of court, see note in 23 A.L.R. 187.

APPEAL from circuit court of Jefferson Davis county. HON. J. Q. LANGSTON, Judge.

T. M. Prine and others were convicted of a constructive contempt of the circuit court of Jefferson Davis county, and they appeal. Affirmed.

*Livingston & Milloy*, for appellants.

A mere casual inspection of the information shows it to be void and insufficient in law to sustain a conviction of contempt, for the information is addressed to the court and only attempts to give facts that a *possible* contempt had been committed against the court and it is not an information charging the appellants with contempt. See *State ex rel. Van Orden* v. *Sauvinet*, 24 La. Ann. 119, 13 Am. Rep. 115; and section 27, Constitution of Mississippi, which is cited for the purpose of showing

that the attempted information was brought in the case at bar without any leave of court and for that reason it is submitted that the information in this case was unconstitutional and void.

See also section 169 of the state Constitution. Under this section all prosecutions shall be begun and carried on in the name of and by the authority of the "state of Mississippi," and all indictments shall conclude "against the peace and dignity of the state." A casual glance at the information presented in this case will show that it was not begun in the name of and by the authority of the "state of Mississippi" and is, therefore, void. Furthermore, a casual glance at the information in this case will show that it was not concluded by the words "against the peace and dignity of the state" and is, therefore, unconstitutional and void, and no conviction could be had in this case. *Love* v. *State,* 8 So. 465; *State* v. *Morgan,* 79 Miss. 65, 31 So. 338; *Miller* v. *State,* 81 Miss. 162, 32 So. 951; 22 Cyc. 234; 10 Ency. Pl. and Pr. 441. See, also, section 1168, Hemingway's Code.

This statute applies only to such defects in an indictment or information as can be waived, and it is certain that constitutional rights cannot be waived. *Newcomb* v. *State,* 37 Miss. 383; *Arbuckle* v. *State,* 80 Miss. 15, 31 So. 437. Neither can these constitutional rights be waived under section 1182, Hemingway's Code. See *Herron* v. *State,* 118 Miss. 420, 79 So. 289. The particular public place where defendant swore or cursed must be designated. *State* v. *Shanks,* 88 Miss. 410, 40 So. 1005.

In the absence of the proper affidavit charging the accused with an offense, neither the justice before whom he was taken nor the circuit court on appeal has any jurisdiction to try him. *Hall* v. *State,* 91 Miss. 216, 44 So. 826; *Woodson* v. *State,* 94 Miss. 370, 48 So. 295; *Taylor* v. *State,* 101 Miss. 857, 58 So. 593. These questions are all conclusively settled by *Clingan* v. *State,* 135 Miss. 621.

So much for the conclusion of the information. Now if this is true with reference to the conclusion, how much

more important is it that the information should be brought in the name and by the authority of the state of Mississippi? See 31 C. J., sec. 156.

It will be noted that in the body or charging part of the information it is not intimated that appellants willfully, unlawfully, maliciously or with the intent to commit the crime of contempt spoke the words alleged in the information, and we submit that the charging part or body of the information is fatally defective and void. 31 C. J., sec. 157.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

I. Without admitting that it is necessary to obtain leave of court before this kind of a case can be presented, I submit that the record shows that this prosecution was begun and carried on by leave of the court. The judge signed the order authorizing the citation to issue on the information. He also signed the citation. The information was evidently prepared, filed and submitted to the court for its approval, and it was approved by the court when the order authorizing and directing citation to issue was signed by the judge in his official capacity.

II. The information shows on its face that it is in the name of and by the authority of the state of Mississippi. The Constitution authorizes the prosecution of certain crimes and misdemeanors to be begun by affidavit filed with a justice of the peace. The information is practically the same form as is generally used in the affidavits filed with a justice of the peace charging a crime. Section 1325, Hemingway's Code, provides a form of affidavit charging murder and the next section provides the form of a warrant to be issued thereafter. This court has held in several cases that when such an affidavit is filed and warrant issued and served, the prosecution is begun.

Section 169 of the state Constitution provides that all indictments shall conclude ''against the peace and dignity of the state of Mississippi.'' The information on file herein is not an indictment. All the courts, both state and Federal, hold that acts constituting contempt committed in the presence of the court may be punished by fine and imprisonment without any written charge, either by indictment, information or affidavit being filed; that the court of its own motion and with its own knowledge may sentence a person adjudged to be in contempt without any written charge at all. The courts also hold that where acts constituting constructive contempt are committed out of the presence of the court, information or other form of charge is necessary. No court holds that an indictment is necessary in order to prosecute a person for contempt of court. The United States Court in *In re Cuddy,* 131 U. S. 280, 33 L. Ed. 154, held that the courts of the United States have power to punish contempt without an indictment or a trial by jury. See 6 R. C. L., p. 530, par. 43; *In re Debbs,* 158 U. S. 564, 39 L. Ed. 1094.

Our Constitution also provides that in all criminal prosecutions a trial by jury shall be inviolate. However, our own courts and others hold that a defendant charged with and being prosecuted for contempt of court is not entitled to a trial by jury and may be tried by the court. See *O'Flynn* v. *State,* 89 Miss. 862; *People* v. *Toole,* 35 Colo. 225; *State* v. *Shepherd,* 117 Mo. 205; *I. C. C.* v. *Brimson,* 154 U. S. 447.

III. Any reasonable man would have construed the language and acts of the appellants as threats against the witness in the event he testified to any fact contrary to their interest. However, witness had the legal right to attend court when subpoenaed to do so without any threat of any kind or any limitations being put upon his acts by these appellants. It was the duty of the court to

guarantee to him this right and to punish any offenders who denied it to him.

IV.   The evidence in the case is conflicting.   The testimony for the state is sufficient to sustain the allegations in the information.   The court was the trier of the facts; his finding will have the same weight with this court as the verdict of a jury.   *Durham* v. *State,* 97 Miss. 549.

The law with reference to prosecutions for constructive contempt and the procedure thereunder is well settled in this state.   The law and procedure were correctly followed in the prosecution of this case.   *O'Flynn* v. *State,* 89 Miss. 862, 9 L. R. A. (N. S.) 1119, 119 A. S. R. 727, 11 Ann. Cas. 830; *Durham* v. *State,* 97 Miss. 549.

V.   The authority to punish for a criminal contempt resides exclusively with the court offended.   *Typothetae of the City of New York* v. *Typographical Union No. 6,* 122 N. Y. S. 975; *In re Brown,* 84 S. E. 690, 168 N. C. 417.

No court except that against which the contempt was committed has power to punish it.   *Smith* v. *State* (Okla.), 159 Pac. 941; *Merchants Stock & Grain Co.* v. *Board of Trade of Chicago,* 120 C. C. A. 582, 201 Fed. 20; *Mitchell* v. *Morgan,* 186 N. W. 568.

VI.   The information in the case at bar was filed by the district attorney in his official capacity.   When the information charging constructive contempt is filed by the district attorney it is unnecessary that he verify same by a special oath.   His official signature under his official oath as district attorney is all that is necessary or can be required.   See *Hurley* v. *Conn,* 188 Mass. 443, 74 N. E. 677, 2 Am. Cases, 577; *Welch* v. *Barber,* 52 Conn. 147; *Ex parte Wright,* 65 Ind. 504; *State* v. *Ackerman,* 25 N. J. L. 209; *Poindexter* v. *State,* 109 Ark. 179, 46 L. R. A. (N. S.) 517; *Crowe* v. *Shepherd,* 177 Mo. 205, 99 A. S. R. 624.

The following cases hold that where an oath is required, it is waived when the defendant answers and makes defense without objection: *Sona* v. *Aluminum Casting Co.,* 214 Fed. 936; *In re Odom,* 133 N. C. 250, 45 S. E. 569; *A. T. & S. F. Ry. Co.* v. *State,* 35 Okla. 532, 130 Pac. 940; *Emery* v. *State,* 9 L. R. A. (N. S.) 1124, 78 Neb. 547, 111 N. W. 374. The cause ought to be affirmed.

ANDERSON, J., delivered the opinion of the court.

On the relation of Toxey Hall, district attorney of the Fifteenth circuit court district of this state, appellants, T. M. Prine, Joe Prine, and Osro Prine, father and brothers of Paul Prine, were tried and convicted of a constructive contempt of the circuit court of that district sitting in and for Jefferson Davis county, and were sentenced to each pay a fine and suffer imprisonment, from which judgment they prosecute this appeal.

Leaving off the caption, style of the case, and the name of the district attorney, the information filed against appellants follows:

"And now comes Toxey Hall, district attorney in and for the Fifteenth circuit court district of the state of Mississippi, and with respect informs the court of the followings facts, to-wit:

"That heretofore, on or about August 21, 1924, while this honorable court was regularly in session, an indictment was returned by the grand jury at said term of the court in case No. 986, wherein the state of Mississippi was plaintiff and Paul Prine was defendant, charged by bill of indictment with the rape on one Beatrice Pittman, a female person; that said indictment was in all respects valid and was filed by the clerk of this court; that the said Paul Prine was afterward arrested, and said cause was thereupon placed on the docket of this honorable court for trial on the issue presented in said bill of indictment at the regular January term, 1925, of this honorable court; that, after the said Paul Prine was arrest-

ed on said charge of rape, the clerk of this court issued a subpoena for and on behalf of one Sampson Holloway to appear at the said January, 1925, term of the court, and testify as a witness for and on behalf of the said state of Mississippi on said charge of rape; that the said subpoena was served personally on the said Sampson Holloway, and, after being served as a witness in said cause, the said Sampson Holloway, in response to said subpoena, started on his way to attend the said honorable circuit court of said county at the said January, A. D. 1925, term, as a witness in said cause for and on behalf of the said state of Mississippi, and while *en route* to attend the said circuit court, as aforesaid, and as a witness in said cause, the said T. M. Prine, Joe Prine, and Osro Prine, father and brothers, respectively, of the said Paul Prine, accosted the said Sampson Holloway, and were then and there of a palpable and flagrant contempt of the honorable court in the following particulars, to-wit: The said T. M. Prine, Joe Prine, and Osro Prine, with full knowledge of the fact that the said Sampson Holloway had been subpoenaed as a witness in the cause aforesaid, and with full knowledge of the fact that said witness was then on his way to attend said court as a witness, and then and there did attempt to prevent the said Sampson Holloway from attending said court in response to said process by then and there saying to the said Sampson Holloway, 'There is the God damned son of a bitch now.' And by then and there further saying, 'Let me cut the God damned son of a bitch's throat;' 'I'll kill the God damned son of a bitch;' 'You had better not go up there swearing your God damned lies;' 'I dare you to go up there to court and tell them damned lies,' or words of like report and meaning and equivalent thereto, and by then and there taking hold of a rail, and exhibiting the same in the presence of the said Sampson Holloway, all of which was then and there with the purpose and intention of preventing the said Sampson Holloway from obeying the process

of this honorable court, and that all of the said conduct and demeanor on the part of the said T. M. Prine, Joe Prine, and Osro Prine constituted, and was and is, an expression of contempt for this honorable court, and that the said T. M. Prine, Joe Prine, and Osro Prine should each and all be cited to appear before this honorable court and show cause, if such they can, why they should not be judged guilty of contempt of court and punished for the same."

Appellants failed to attack by demurrer the sufficiency in law of the information, but argue that it is void on its face; that it fails to sufficiently charge the fundamentals of a constructive contempt, and therefore, to that extent at least, appellants are entitled to raise the question of the sufficiency of the information for the first time in this court.

We do not deem it necessary to set out the evidence in the case either in detail or in substance, except to say that it tended to establish the allegations of the information. There was ample evidence to sustain the finding of the court that appellants were guilty of the offense charged in the information.

Appellants argue that a conviction will not stand on the allegations of the information, because they say the information was not brought by the district attorney in the name of and by authority of the state of Mississippi. Appellants cite authorities to the effect that a contempt of this character is an offense against the state, and not against the judge personally holding the court against which the contempt is directed, and, therefore, the prosecution must be in the name of and on behalf of the public. To sustain their position appellants cite *In re Nevitt,* 117 F. 448, 54 C. C. A. 622; 2 Words and Phrases, pp. 1490-1491; *State ex rel. Van Orden* v. *Sauvinet,* 24 La. Ann. 119, 13 Am. Rep. 115. The authorities relied on by appellants sustain their contention. We are of opinion, however, that the information here, although perhaps somewhat informal in that respect, sufficiently

shows that it was filed by the district attorney having authority to represent the state for and on behalf of the state.

Appellants contend that the judgment appealed from must be reversed because the district attorney failed to get leave of court to file the information. Appellants cite authorities to sustain the position that leave of court is necessary for that purpose. It seems, however, that a complete answer to that contention is that the circuit judge, on the presentation of the information to him by the district attorney, indorsed on it the following:

"To the Clerk of the Circuit Court, Jefferson Davis County:

"You will issue this citation as prayed for making same returnable before this court on Monday, August 31, 1925, at 9 o'clock a. m. This August 27, 1925.

"J. Q. LANGSTON, Circuit Judge."

We are unable to see how the judge having authority in the matter could have made a more specific order authorizing the filing of the information.

Appellants attack the information on the ground that it does not conclude, as indictments are required by section 169 of the Constitution to conclude, "against the peace and dignity of the state." Appellants argue that that provision of the Constitution applies to contempt informations as well as the ordinary criminal prosecutions by information and indictment. Section 169 of the Constitution provides, among other things, that all prosecutions shall be carried on in the name of and by the authority of the state of Mississippi, "and all indictments shall conclude 'against the peace and dignity of the state'" of Mississippi. Appellants were not indicted. They were not subject to indictment for the alleged contempt. The proceeding is by information, the method adopted by the district attorney. *In re Cuddy,* 131 U. S. 280, 9 S. Ct. 703, 33 L. Ed. 154; 6 R. C. L. 530, par. 43. In a contempt proceeding the defendant is not entitled to trial by jury. *O'Flynn* v. *State,* 89 Miss. 862, 43 So.

82, 9 L. R. A. (N. S.) 1119, 119 Am. St. Rep. 727, 11 Ann.
Cas. 530; *People* v. *Tool,* 35 Colo. 225, 86 P. 224, 229, 231,
6 L. R. A. (N. S.) 822, 117 Am. St. Rep. 198; *State
ex inf. Crow* v. *Shepherd,* 177 Mo. 205, 76 S. W. 79, 99
Am. St. Rep. 624; *I. C. C.* v. *Brimson,* 154 U. S. 447, 14
S. Ct. 1125, 38 L. Ed. 1047. Failure, therefore, of the
information to conclude, as required by section 169 of the
Constitution, was not a defect; it was not required so to
conclude.

Appellants argue that the information was insufficient
to inform appellants of the nature and character of the
charge they had to meet. We do not think there is any
merit in that position. Although the information may
not be a perfect model to be followed in this character
of contempt proceeding, we think that it states the case of
the state with so much clearness and definiteness that the
district attorneys of the state might very well follow, at
least, its general substance and outlines.

Another objection to the information is that it was not
sworn to. It was not necessary to be specially sworn to.
The district attorney, in filing the information, acted
under the sanction of his official oath. Furthermore
the information had been presented to the circuit judge,
and he had given his express authority to its filing and
the prosecution of appellants thereunder. *Hurley* v.
*Commonwealth,* 188 Mass. 443, 74 N. E. 677, 3 Ann. Cas.
757; *Welch* v. *Barber,* 52 Conn. 147, 52 Am. Rep. 567;
*Ex parte Wright,* 65 Ind. 504; *State* v. *Ackerson,* 25 N.
J. Law, 209; *Poindexter* v. *State,* 109 Ark. 179, 159 S. W.
197, 46 L. R. A. (N. S.) 517; *State ex inf. Crow* v. *Shepherd,* 177 Mo. 205, 76 S. W. 79, 99 Am. St. Rep. 624.

Appellants argue that the information was void because it failed to state the venue of the offense. It is
provided in section 26 of the Constitution that in all
prosecutions by indictment or information the accused
shall be entitled to a speedy and public trial by an impartial jury of the county where the offense was committed. This provision of the Constitution has no applica-

143 Miss.—16.

tion to contempt proceedings; it applies alone to crimes which are prosecuted either by indictment or information before a jury. It has reference to what is generally known as crimes. Contempts constructive or in the presence of the court are not such crimes as are contemplated by that provision of the Constitution. The punishment for a criminal contempt rests exclusively with the court against whom the contempt was directed. No other court has any authority to punish such a contempt. Statutes regulating the venue of trials of criminal offenses generally are inapplicable to contempt proceedings. No court except the court whose judgment or order has been defied can try and punish a contemnor. *Typothetae of City of New York* v. *Typographical Union No. 6,* 138 App. Div. 293, 122 N. Y. S. 795; *In re Brown,* 168 N. C. 417, 84 S. E. 690; *Smith* v. *State,* 12 Okl. Cr. 513, 159 P. 941; *Dunham* v. *U. S.* (C. C. A.), 289 F. 376; *Sullivan* v. *U. S.* (C. C. A.), 4 F. (2d) 100. A court in one county may punish for a criminal contempt a person attempting in any other county to bribe a subpoenaed witness not to testify in such court. *Powell* v. *State,* 152 Ga. 81, 108 S. E. 464; *Snow* v. *Hawkes,* 183 N. C. 365, 111 S. E. 621, 23 A. L. R. 183.

Appellants say the judgment should be reversed, because the uncontradicted evidence shows that appellants' threats and intimidation against the witness failed to prevent his attendance upon the court; that, therefore, no offense was committed. We know of no such principle of law applicable to cases of this character. The crime consists, not alone in the obstruction of justice, but also in the attempt to obstruct justice. The crime is completed whether the attempt to obstruct justice is successful or not.

We see no error whatever in the proceedings in this case which could have harmed appellants in the least. The judgment, therefore, is affirmed.

*Affirmed.*