516 So.2d 485 (1987)
Charles L. CULPEPPER
v.
STATE of Mississippi.
No. 56903.
Supreme Court of Mississippi.
December 2, 1987.
John W. Crowell, Gholson, Hicks & Nichols, Columbus, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the Court:

I.
Implicated in today's appeal is a fundamental question of the nature of constructive criminal contempt of court. Complicating matters were appointment of a special judge and a de facto change of venue.
Criminal contempt is an offense against the legal institution, the court, not the judge individually. The identity of the court does not change, though a judge from another court be appointed specially, *486 nor though the case is being heard in another venue. Because the Court below ignored these premises, we reverse and render.

II.
In December of 1980, a divorce decree was entered by the Chancery Court of Lowndes County, granting Thomas C. Harvey a divorce from Mary Beverly Harvey. Subsequently, Mary Beverly filed a motion to have her former husband held in contempt (not the contempt in today's case). This motion was also filed in the Chancery Court of Lowndes County and was predicated upon an alleged violation of the child custody provisions of the divorce decree. Thereafter, each of the two Lowndes County Chancery Judges recused himself from the cause, and Chancery Judge Nathan P. Adams, Jr., of Washington County was designated special judge to hear the cause.
Harvey, an attorney, was represented by his associate, Charles L. Culpepper, appellant in the case at bar. During settlement negotiations regarding enforcement of the child custody decree, Culpepper falsely represented to counsel opposite, and to the Court, that his client was willing to settle, when in fact his client knew nothing about the proposed settlement. After learning of Culpepper's misrepresentations, Harvey retained another attorney. When confronted about the misrepresentations, Culpepper stated that he felt he had failed in representing his employer/client, and that he (Culpepper) had been unable to bring himself to tell Harvey of his failures.
On June 14, 1984, Culpepper was charged by information with constructive contempt of court. The information was filed in the Chancery Court of Washington County and charged Culpepper with contempt of the Chancery Court of Washington County.
Culpepper filed a demurrer, claiming that the court was without jurisdiction, since only the court contemned may punish contempt. The trial court overruled the demurrer, and, after a trial, on October 17, 1984, adjudged Culpepper to be in contempt of the Chancery Court of Washington County. From that conviction and the sentence of a $500.00 fine and a thirty day suspended jail term, Culpepper appeals, claiming that the court was without jurisdiction to hear the contempt charge.

III.
A criminal contempt is conduct that is directed against the dignity and authority of the court "or a judge acting judicially," not individually. Hentz v. State, 496 So.2d 668, 675 (Miss. 1986); Cook v. State, 483 So.2d 371, 374 (Miss. 1986).
Criminal contempt proceedings vindicate the authority of the court. Varvaris v. State, 512 So.2d 886, 887 (Miss. 1987).
These proceedings against Culpepper are for constructive, as distinct from direct, criminal contempt. See Hentz v. State, 496 So.2d 668, 675 (Miss. 1986); Coleman v. State, 482 So.2d 221, 221-22 (Miss. 1986); Buskirk v. State, 321 So.2d 295, 297 (Miss. 1975).
When, as in the case at bar, a judge has recused himself and a special judge has been appointed to hear a particular case, Miss. Code Ann. § 11-1-13 (1972) provides that the proceedings are governed by Miss. Code Ann. § 11-1-11 (1972). That statute reads, in pertinent part, as follows:
When the circuit judge, county judge or chancellor, by reason of interest or other cause, shall be disqualified to sit in any case, the parties may select some other member of the bar; and thereupon the judge or chancellor shall retire from the bench for the time, and the [special judge or chancellor] shall take his place and hear and determine the cause. The proceedings shall be entered as if the same were had before the judge or chancellor. ... [emphasis added]
Even though the Lowndes County chancery judges recused themselves, the cause remained pending before and within the jurisdiction of the Chancery Court of Lowndes County. In the words of the statute, the Lowndes County chancery judges "retire[d] from the bench for the time," and Judge Adams "took [their] place and hear[d] and determine[d] the cause." That "place" *487 which he took was jurisdictionally in the Chancery Court of Lowndes County, even though, geographically, the hearing was conducted in Washington County.
Any contempt committed by Culpepper occurred in the course of a cause pending in Chancery Court of Lowndes County and any resulting impediment to the administration of justice affected that court.
The proceedings below manifest that Culpepper was charged and tried in the Chancery Court of Washington County and was convicted of contempt of the Chancery Court of Washington County. The information is styled "In the Chancery Court of Washington County, Mississippi." The information was filed by the District Attorney for Washington County. The judgment includes this statement: "[A]n examination of the evidence and applicable law constrains this Court to the inescapable conclusion by proof beyond a reasonable doubt that Mr. Culpepper is in the wilful, contumacious contempt of the Chancery Court of Washington County, Mississippi." (emphasis added)
Section 9-1-17 of the Mississippi Code provides that "[t]he supreme, circuit, chancery and county courts shall have power to [punish] any person guilty of contempt of the court ..." (emphasis added) A judge is to be accorded the respect due to one who is cloaked, as he is, with the authority and dignity of the court. Nevertheless, contempt is an affront to the court, not to the judge as an individual. Section 9-1-17, Miss. Code Ann. (1972); Heller v. Heller, 133 Ind. App. 259, 265, 181 N.E.2d 530, 532-33 (1962). We have held that only the court contemned has jurisdiction to punish the contemnor. Kitchens v. State, 293 So.2d 815 (Miss. 1974); Prine v. State, 143 Miss. 231, 242, 108 So. 716, 719 (1926). Culpepper did not contemn the Chancery Court of Washington County. The contempt, if any, was against the Chancery Court of Lowndes County, and only that court has jurisdiction over the matter.
There is no novelty to the view we express here. The authorities are legion that the power to punish for contempt rests solely with the court contemned, and one court cannot punish a contempt against another court. Ex parte Bradley, 74 U.S. (7 Wall.) 364, 19 L.Ed. 214 (1868). In Bradley, the accused became involved in an altercation with the trial judge of the criminal court of the District of Columbia. At a subsequent term, the same judge, sitting in the same criminal court, ordered that the name of the accused be stricken from the roll of attorneys. Some time thereafter, proceedings were filed in the Supreme Court of the District of Columbia seeking to hold the accused in contempt of that court, based upon the prior altercations in the criminal court. A petition for writ of mandamus was filed with the United States Supreme Court which granted the writ, as follows:
We are not concerned, however, to examine in the present case how far this court would inquire into any irregularities or excesses of the court below in the exercise of its discretion in making the order against the relator, as our decision is not at all dependent upon that question. Whatever views may be entertained concerning it, they are wholly immaterial and unimportant here. The ground of our decision upon this branch of the case is, that the court below had no jurisdiction to disbar the relator for a contempt committed before another court. (19 L.Ed. at 219).
Numerous other courts have considered this question and reaffirmed the rule that only the court offended has the power to entertain proceedings to punish the defendant. Ogletree v. Watson, 223 Ga. 618, 619, 157 S.E.2d 464, 465 (1967); Connell v. Connell, 222 Ga. 765, 767, 152 S.E.2d 567, 569 (1966); Pirkle v. State, 114 Ga. App. 244, 150 S.E.2d 881 (1966); Raht v. Southern Railway Company, 215 Tenn. 485, 387 S.W.2d 781, 787 (1965); Mayhew v. Mayhew, 52 Tenn. App. 459, 376 S.W.2d 324, 328 (1963); Graham v. State, 144 So.2d 97 (Fla. App. 1962); Gore v. Gore, 217 Ga. 478, 479, 123 S.E.2d 254, 256 (1961); Osborne v. Purdome, 244 S.W.2d 1005, 1012 (Mo. 1951); Johns v. Johns, 172 S.W.2d 770, 771 (Tex. Civ.App. 1942); State v. Tangipahoa Parish School Board, 9 So.2d 826, 827 (La. App. 1942); State v. Reeves, 189 La. 560, *488 180 So. 409, 410 (1938); State v. Thomas, 128 Fla. 231, 174 So. 413, 415 (1937); In re MacDonald, 110 Pa.Super. 352, 168 A. 521, 522 (1933); Ex parte Depew, 24 S.W.2d 813 (Tex.Com.App. 1930); Wilson v. United States, 26 F.2d 215, 218, (8th Cir.1928); State v. Owens, 125 Okl. 66, 256 P. 704, 709 (1927); City of Gretna v. Rossner, 154 La. 117, 97 So. 335, 336 (1923); Greene v. Edgington, 37 Idaho 1, 214 P. 751, 752-53 (1923); Ex parte Gonzalez, 111 Tex. 399, 238 S.W. 635, 636 (1922); Farmers State Bank of Texhoma v. State, 13 Okl.Cr. 283, 164 P. 132 (1917).
Indeed, this rule is recognized in Mississippi. In Prine v. State, 143 Miss. 231, 108 So. 716 (1926), the question was raised that the contempt should have been brought in the county of the defendant's residence. Rejecting that contention, the court held as follows:
... Contempts constructive or in the presence of the court are not such crimes as are contemplated by that provision of the Constitution. The punishment for a criminal contempt rests exclusively with the court against whom the contempt was directed. No other court has any authority to punish such a contempt. Statutes regulating the venue of trials of criminal offenses generally are inapplicable to contempt proceedings. No other court except the court whose judgment or order has been defied can try and punish a contemnor ...
108 So. at 719.
The State argues that, at the time he punished the contempt, Judge Adams was still sitting as special judge of the Lowndes County Chancery Court, because no final decree had been entered in the cause for which he was designated special judge. There is nothing in the record to indicate when, if ever, a final decree was entered in the Lowndes County matter. We dispose of this contention by noting the repeated references, in both the indictment and the judgment, to "contempt of the Chancery Court of Washington County." Were the Washington County chancery judge sitting as a special judge for Lowndes County, he would have power to punish the contempt, just as he had the power to punish it at the time it was committed. He did neither. Rather, the Chancery Court of Washington County, sitting as such, has attempted to punish a contempt against another court. This it has no power to do. The judgment of conviction is reversed and rendered.
REVERSED AND RENDERED
ROY NOBLE LEE, C.J., HAWKINS, P.J., SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., and PRATHER, J., not participating.