# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01690-SCT

*JOHN C. HELMERT, JR.*

*v.*

*TARA J. BIFFANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/30/2001 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY YOUTH COURT |
| ATTORNEY FOR APPELLANT: | OLEN LLOYD ANDERSON |
| ATTORNEY FOR APPELLEE: | RICHARD J. SMITH |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 04/17/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1.     At issue in this case is whether the youth court of Harrison County has jurisdiction to modify a visitation and support order rendered in a family court that has since been abolished by statute. Finding jurisdiction improper, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 17, 1994, Tara J. Biffany (Biffany) filed a paternity proceeding in the family court of Harrison County, Mississippi, First Judicial District. Biffany alleged that John C. Helmert, Jr., (Helmert) was the natural father of her minor child, T.J.B. On October 2, 1995, the family court entered a judgment

adjudicating Helmert to be the natural father of T.J.B and setting forth child support obligations and a visitation schedule for the minor child.

¶3. In July 1996, Helmert filed a Petition for Contempt of the Judgment and Modification seeking, inter alia, to cite Biffany for contempt and to modify the visitation schedule set forth in the previous judgment. Biffany counter-claimed. On August 21,1997, the family court entered a judgment citing both parties for contempt and modifying the previous child support obligation and the visitation schedule.

¶4. During the 1999 legislative session, the Mississippi Legislature abolished the Family Court of Harrison County, Mississippi. 1999 Miss. Laws Ch. 423. On March 31, 2000, Helmert filed a complaint with the Chancery Court of Harrison County, Mississippi, alleging, inter alia, that Biffany had interfered with his visitation. Helmert also sought modification of the previous family court orders in regard to his child support obligation and to enlarge his visitation schedule. Biffany answered and moved to dismiss the complaint.

¶5. Based upon the recent abolishment of the family court of Harrison County, the Chancellor found that all matters formerly before that court were transferred to the youth court and that the chancery court had no jurisdiction of family court matters, unless the youth court specifically approved the transfer of a matter to chancery court. Thus, the Chancellor instructed Helmert to re-file in youth court. No order reflecting these instructions appears in the record.

¶6. Helmert filed a Motion to Transfer to Chancery Court with the youth court of Harrison County, First Judicial District, Mississippi on March 20, 2001. However, the youth court judge concluded that in the absence of an agreement between the parties to transfer the matter, he had no authority to transfer and the matter had to remain in youth court. Therefore, the motion to transfer to chancery court was denied

by the youth court on May 30, 2001. Aggrieved by this ruling, Helmert appeals to this Court, presenting one issue for resolution:[1]

> **I. After the Family Court of Harrison County was abolished by statute, was it error for the Youth Court of Harrison County to assert jurisdiction over modification and contempt proceedings in a paternity case heard by the Family Court prior to abolition?**

## STANDARD OF REVIEW

¶7. Jurisdiction is a question of law. *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1204-05 (Miss. 1998). This Court reviews questions of law de novo. *Saliba v. Saliba*, 753 So.2d 1095, 1098 (Miss. 2000).

## ANALYSIS

¶8. During the 1999 legislative session, the Mississippi Legislature abolished the Family Court of Harrison County, Mississippi. The law repealing the family court stated, in part, as follows:

> From and after the effective date of this act, all Family Courts are abolished. All matters *pending* in any Family Court abolished shall be transferred to the County Court of the County wherein the Family Court was located without the necessity for any Motion or Order of the Court for such transfer.

1999 Miss. Laws Ch. 432, § 1(emphasis added). The youth court concluded that it has jurisdiction over the parties and subject matter of this post-judgment paternity proceeding by virtue of the above law authorizing the transfer of all "pending" cases of the family court to the youth court via the county court.

¶9. Helmert argues that the youth court had no jurisdiction because the action was no longer "pending" within the meaning of the law repealing the family court. He points out that the initial judgment and an order

---

[1]Biffany did not file a brief with this Court. She did send a brief letter explaining that she did not have sufficient funds to hire an attorney and did not have the legal training to prepare her own response. She wrote that she felt the youth court judge was correct in his ruling and that he did not abuse his discretion in retaining jurisdiction of the case.

of contempt of that judgment were rendered by the family court before it was abolished and neither party had filed for any further relief at the time that the Legislature abolished the family court. Though he acknowledges that a court retains jurisdiction over child custody, support, and visitation matters, and may modify those matters upon proper petition,[2] Helmert argues that the retaining of jurisdiction does not mean a case is "pending" as that term is used in Chapter 432, § 1.

¶10. In further support of this argument, Helmert points out that a new filing fee is required to reopen cases subject to modification and a new civil cover sheet must be filed with the clerk of the court. He argues that "[u]nless a case is properly reopened by one of the parties, it is clear that the matter is closed with the Court and is not a "pending" case."

¶11. One dictionary defines "pending" as "[n]ot yet decided or settled; awaiting conclusion or confirmation." The American Heritage Dictionary of the English Language 969 (10th ed.1981). While another defines "pending" as:

> Begun, but not yet completed; during; before the conclusion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminancy. Thus, an action is pending from its inception until the rendition of final judgment. An action is "pending" after it is commenced by either filing a complaint with the court or by the service of a summons.

Black's Law Dictionary 785 (abr. 6th ed. 1991).

¶12. This Court has held that "[g]enerally, when prior proceedings conducted by another court determined the custody of an infant, the prior judgment must be regarded as final, and it is not subject to

---

[2]*See generally* **Aetna Cas. & Sur. Co. v. Williams**, 623 So.2d 1005 (Miss.1993) (holding that an award of physical custody is never etched in stone, and it may be changed or modified as material circumstances dictate).

4

attack by subsequent habeas corpus proceedings." ***Smith v. Watson***, 425 So.2d 1030, 1032 (Miss.1983) (citations omitted).

¶13.	We conclude that the original action in the case sub judice was not "pending" within the meaning of the law abolishing the family court. No motions or other formal proceedings seeking to modify that final judgment were pending and the litigation had ended at the time § 432 was passed, despite the right of both Helmert and Biffany to petition the court for modification or to appeal the judgment itself. Had neither of the parties' circumstances changed, this action would never have been re-opened and the family court judge's ruling would never have been disturbed. Moreover, the initial judgment in the case sub judice was entitled to full faith and credit in sister states. U.S. Const. art. 4, § 1.

¶14.	The Mississippi Code does not specifically address this situation. Statutes grant both the chancery court and the youth court jurisdiction over the adjudication of minors. One difference, however, is that the general jurisdiction of chancery court encompasses that of youth court, whereas youth court jurisdiction is limited to specifically delineated matters, to-wit, abused, neglected, or delinquent children.

¶15.	The chancery court has historically had full jurisdiction in divorce, alimony, and custody matters. *See* Miss. Const. art. 6, § 159. In the case sub judice, Helmert is seeking modification of the previous family court orders in regard to his child support obligation and enlargement of his visitation schedule - matters within traditional chancery jurisdiction. That jurisdiction has been increased and expanded by statute. Section 2743 states:

> When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage.

In 1960, the Legislature provided, in Section 1263.5, that the custody and maintenance of children was not merely an adjunct of a divorce action. That section provided:

> In addition to the right to proceed under section 2743, Mississippi Code of 1942, as amended, and in addition to the remedy of habeas corpus in proper cases, and other existing remedies, the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters.

¶16. In addition, the Mississippi Uniform Child Custody Jurisdiction Act (Miss. Code Ann. §§ 93-23-5 (Supp.1989)) grants chancery court the authority to hear matters involving issues of modification of custody, support and visitation issues for judgments which originated outside the state of Mississippi. Thus, Helmert argues that if the chancery court has the authority to modify certain judgments originally rendered by courts outside of the State, then the chancery court should certainly have the authority to hear a petition to modify a judgment rendered by a Mississippi court that has been abolished and which was originally directly inferior to the chancery court.

¶17. The youth court, a subsidiary of chancery court, specializes in abuse and neglect matters, over which it was granted exclusive jurisdiction. Miss. Code Ann. § 43-21-151 (1972) sets forth the jurisdiction of the Youth Court:

> The Youth Court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child, or a dependent child.

Miss. Code Ann. §§ 43-21-105(i), (j) (Supp.1986) further delineates the jurisdiction of the Youth Court:

> (i) "Delinquent child" means a child who has reached his tenth birthday and who has committed a delinquent act.
> (j) "Delinquent act" is any act, which if committed by an adult, is designated as a crime under state or federal law, or municipal or county ordinance other than offense punishable by life imprisonment or death. A delinquent act includes escape from lawful detention.

6

¶18. The youth court was created as a division of the chancery court in counties which do not have county or family courts, and the chancellor presides over such youth court proceedings. Miss. Code Ann. § 43-21-107 (3) (Supp. 1991). The youth court has exclusive original jurisdiction in all proceedings concerning an abused child, and that jurisdiction continues until the child's twentieth birthday. Miss. Code Ann. § 43-21-151 (1) - (2). The policy and purposes of the Youth Court Act are described as follows:

> This chapter shall be liberally construed to the end that each child coming within the jurisdiction of the youth court shall become a responsible, accountable and productive citizen, and that each such child shall receive such care, guidance and control, preferably in such child's own home as is conducive toward that end and is in the state's and the child's best interest. It is the public policy of this state that the parents of each child shall be primarily responsible for the care, support, education and welfare of such children; however, when it is necessary that a child be removed from the control of such child's parents, the youth court shall secure proper care for such child.

Miss. Code Ann. § 43-21-103. Inherent in this policy is the protection and care of children in trouble and the rehabilitation of those gone astray. However, no abuse, neglect, or delinquency allegations have been asserted in the case at bar. Nowhere does the Youth Court Act provide for it taking jurisdiction over a case involving exclusively child support, contempt, and modification issues such as the one at bar.

¶19. Although this Court has never addressed the precise issue at hand, it has addressed the constitutional issue of the youth court in relation to the chancery court. In the case of *In re T.L.C.*, 566 So.2d 691 (Miss. 1990), this Court held that the Youth Court system does not unconstitutionally usurp the power granted to the Chancery Court to adjudicate "minor's business." In the companion case to *T.L.C.*, the chancery court in *Cortesi v. Cortesi*, 566 So.2d 702 (Miss. 1990), stayed its ruling on the child custody until the abuse allegations were ruled upon by the youth court. This Court affirmed. This action by the chancery court indicates that the court recognized the youth court's exclusive jurisdiction over child

7

abuse proceedings. However, both those cases dealt with abused children. Again, no allegations of abuse have been presented here.

¶20. Under Mississippi law, chancery court has continuous and exclusive jurisdiction over custody proceedings. *Ladner v. Ladner,* 206 So.2d 620, 624-25 (Miss. 1968). *See also **Chrissy F. by Medley v. Miss. Dep't. of Pub. Welfare***, 780 F. Supp. 1104, 1122 (S.D. Miss. 1991), *affirmed in part, and reversed in part,* 995 F.2d 595 (5th Cir. 1993). In ***Medley***, the federal court concluded that, while Miss. Code Ann. §§ 43-21-151(c) (1972), states that the youth court shall have exclusive original jurisdiction over all proceedings concerning an abused child, that statute cannot be applied where exclusive jurisdiction over a proceeding involving allegations of abuse has already vested in a chancery court through a custody matter involving that child. ***Id.*** at 1122. Continuously exclusive nature of chancery jurisdiction over custody issues precludes youth court exclusive original jurisdiction over proceedings involving an abused child, when allegations of abuse are raised in course of custody proceeding over which chancery court jurisdiction is already being exercised. ***Id.*** Thus, although the youth court was granted exclusive jurisdiction in abuse proceedings, that jurisdiction may be retained by the chancery court if allegations of abuse are brought during the pendency of a custody hearing. *See* Miss. Code Ann. §§ 43-21-151(c) (Supp. 1999).

¶21. Conversely, paternity actions (the subject of the original action here) can never be brought in youth court. Although the former Family Court Act provided for much of the same jurisdiction of youth court, one critical difference was the inability of the youth court to hear paternity matters. Under § 93-9-15, the county court, the circuit court, or the chancery court has jurisdiction of an action relating to paternity and support of illegitimate children. The youth court, however, does not have jurisdiction over those matters, and would be unable to act to establish the paternity of a child who is within its jurisdiction. While the youth

8

court may assume jurisdiction over a putative father named in the petition, any obligations imposed by a youth court judge would not survive termination of youth court jurisdiction. Miss. Atty. Gen. Op. No. 2001-0661, Perreault, November 7, 2001.

¶22.    This Court has allowed the youth court to issue orders in contradiction of those issued by chancery court in matters of custody and visitation. *See **In re D.L.D.***, 606 So.2d 1125, 1127 (Miss. 1992) (holding youth court had exclusive original jurisdiction to determine custody and visitation rights with respect to abused child, even though its order was in direct conflict with that of chancery court in parents' divorce proceedings which were initiated prior to youth court proceedings). However, a major distinction between that case and the case at bar was that it dealt with an abused child. This case does not.

¶23.    This Court held in ***Griffin v. Bell***, 215 So. 2d 573 (Miss. 1968), that the youth court had no jurisdiction to award custody of a minor child to her maternal aunt, where the aunt's petition for custody showed on its face that the child was not neglected, as that term is defined by statute. *See* Miss. Code 1942 Ann. § 7185-02(h) (Supp.1966). And in ***Morris v. Morris***, 245 So.2d 22 (Miss. 1971), this Court held that where the chancery court had already granted a divorce and custody of the children to their mother, it had jurisdiction to act on a subsequent petition to modify the decree as to custody, even though the youth court in the interim had attempted to deal with an emergency temporary situation.

## **CONCLUSION**

¶24.    The matter should be transferred to chancery court. The original paternity action could not have been brought in youth court. No allegations of abuse, neglect, or delinquency have been asserted, thus the matter is not one for which the youth court has been granted jurisdiction. Furthermore, the matter, was not "pending" within the meaning of the law repealing the family court. It was a final, appealable judgment,

9

entitled to full faith and credit in sister states, and no action had been taken by either party to appeal or modify the judgment prior to the abolishment of the family court.

¶25.    Adjustments in court-ordered custody and child support can and should be made without burdening courts. *Varner v. Varner*, 588 So.2d 428 (Miss. 1991). This action involves a young child and chances are high that this matter will eventually be back in court. Chancery is more accustomed to handling this subject matter. Allowing this matter to be heard in youth court will set a precedent that may cause a flood of divorces obtained in family court to go to youth court to modify the decree. Youth court is neither equipped or authorized by statute to decide issues of paternity, custody, or visitation, absent allegations of abuse, neglect, or delinquency. Therefore, we reverse the youth court's retention of jurisdiction and remand this case for transfer of the matter to chancery court.

¶26.    **REVERSED AND REMANDED**.

**McRAE, P.J., EASLEY, CARLSON AND GRAVES, JJ., CONCUR. SMITH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., WALLER AND COBB, JJ.**

**SMITH, PRESIDING JUSTICE, DISSENTING:**

¶27.    This case is indeed narrow in scope because of the abolishment of the Harrison County Family Court  Although the subject matter of this case was not related to delinquency, abuse or neglect, it was originally brought before the Harrison County Family Court on a petition to determine paternity. Again in a second hearing, the issues of contempt and modification were heard by the Family Court. Helmert and Biffany are operating under a  Harrison Family Court Order for the custody, visitation and support of their daughter.

10

¶28.    In *Tollison v. Tollison*, 2003 WL 751192 (Miss. 2003), we stated that the principle of continuing jurisdiction has long been recognized in domestic relations cases. *Tollison*, 2003 WL 751192, *2; *Covington v. Covington*, 459 So. 2d 780, 781 (Miss. 1984)(citing *Crum v. Upchurch*, 232 Miss. 74, 98 So. 2d 117 (1957); *Gresham v. Gresham*, 198 Miss. 43, 21 So. 2d 414 (1945)).  Further, we have held that only the court contemned has jurisdiction to punish the contemnor. *Tollison*, 2003 WL at *2 (citing *Culpepper v. State*, 516 So. 2d 485, 487 (Miss. 1987); ( *Kitchens v. State*, 293 So. 2d 815 (Miss. 1974); *Prine v. State*, 143 Miss. 231, 242, 108 So. 716, 719 (1926)).

¶29.    We have taken note of the 1999 legislation abolishing the Family Court, 1999 Miss. Laws Ch. 432, which became effective on May 28, 1999.  Section 1 of that legislation directs, in pertinent part: "all matters pending in any family court abolished shall be transferred to the county court of the county wherein the family court was located without the necessity of any motion or order of court for such transfer. *In re T.A.P.*, 742 So. 2d 1095, 1105 n.2 (Miss. 1999).  In that case, the proceedings on remand were ordered to occur in the Youth Court which became the responsibility of the County Court of Harrison County.  Miss. Code Ann. § 43-21-151 (Rev. 2000) dictates the jurisdiction of the Youth Court:

> (1) The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child, an abused child or a dependent child.
> (2) Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child's twentieth birthday, unless sooner terminated by order of the youth court. The youth court shall not have jurisdiction over offenses committed by a child on or after his eighteenth birthday.

*Id*.  Additionally,  it is a well-established rule in this jurisdiction that where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the

second suit. ***Hancock v. Farm Bureau Ins. Co.***, 403 So.2d 877 (Miss. 1981); ***Huffman v. Griffin***, 337 So.2d 715 (Miss. 1976); ***Martin v. O'Brien***, 34 Miss. 21 (1857). Further, it has been stated, in regard to the "priority of jurisdiction" rule that:

> In order that the rule may be applicable which prevents interference by another court with the jurisdiction of the court first assuming it, the second action should be between the same parties, *seeking on the one hand, and opposing on the other, the same remedy, and should relate to the same question.*

***Petition of Beggiani****,* 519 So.2d 1208, 1210 (Miss.1988)(*quoting* 21 C.J.S. *Courts* § 492, at 751 (1940)).

¶30.     In this case, although the Family Court of Harrison County has been abolished, the Chancery Court does not assume jurisdiction. Following the dictates of the Legislature, the County Court therefore the Youth Court, retains jurisdiction over these parties and this subject matter. The case should stay in the court that has adjudicated and heard all matters concerning the determination of paternity, custody, visitation and support of Helmert and Biffany's minor child.

¶31.     For these reasons, I respectfully dissent.

**PITTMAN, C.J., WALLER AND COBB, JJ., JOIN THIS OPINION.**