POWELL *v*. STATE.

(In Banc. April 10, 1944.)

[17 So. (2d) 524. No. 35500.]

**E. C. Fishel,** of Hattiesburg, and **H. D. Young,** of New Augusta, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

An affidavit for a search warrant was made before a justice of the peace, under Section 1975, Code 1930, Section 2614, Code 1942,—in the chapter on Intoxicating Liquors,—and the warrant was issued and served. In the search intoxicating liquor was found, and appellant was arrested and gave bond. On the third day thereafter, appellant was tried by the justice of the peace and was convicted, and on appeal to the circuit court he was again convicted, and he has appealed to this court.

No affidavit charging a specific offense, or any offense, was made and lodged with the justice of the peace, but appellant was tried on the affidavit made for the search warrant. The Attorney-General properly confesses error.

A criminal prosecution is not begun by the affidavit for, and the issuance and execution of, a search warrant. A search warrant is a preliminary or else an ancillary writ. It is not a part of a search warrant, or the proceedings under it, to try the person in whose possession the contraband described in the warrant affidavit was found, but an additional affidavit, or an indictment, must be

made or obtained charging the person with the particular crime of which the evidence indicates he is guilty. Cornelius Search and Seizure (2d Ed.), p. 604. This is demonstrated by the fact that search warrants are often based upon two or more statutory grounds in the disjunctive, as validity may be done, Banks v. City of Jackson, 152 Miss. 844, 120 So. 209, and as was done in the case now before us; but a defendant may not be put to trial on two or more charges in the disjunctive. 31 C. J. 663.

Moreover, the affidavit for the search warrant does not conclude with the averment that appellant had committed the offense or any offense "against the peace and dignity of the state," which, under Section 169, Const. 1890, is an essential allegation in an indictment or affidavit charging the commission of a crime—when not so averred, the affidavit may as well never have been made so far as concerns a criminal charge. Clingan v. State, 135 Miss. 621, 100 So. 185, and cases therein cited. This formal conclusion constitutes the hallmark setting apart and distinguishing a criminal charge from an information, Prine v. State, 143 Miss. 231, 108 So. 716, and other preliminary or ancillary charges; and that it is no empty requirement is illustrated by the case now before us.

It is essential to the institution of a criminal prosecution of which a justice of the peace has jurisdiction that the affidavit specified by Section 2098, Code 1930, Section 1832, Code 1942, be made and filed, without which the magistrate has no jurisdiction to proceed with a trial, and being without jurisdiction the circuit court on appeal has none. Bramlette v. State, 193 Miss. 24, 8 So. (2d) 234. It follows that the judgment and sentence must be reversed and vacated.

Reversed and remanded.