STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Charles MILLS, Defendant-Appellant.

Supreme Court

*No. 79–1009. Argued November 25, 1980.—Decided January 6, 1981.*

(Also reported in 299 N.W.2d 881.)

For the petitioner there were briefs by *Bronson C. La Follette,* attorney general, and *Dorothy H. Dey,* assistant attorney general, with oral argument by *Albert Harriman,* assistant attorney general.

For the defendant-appellant there were briefs by *Jerome F. Pogodzinski* and *Turner & Pogodzinski, S. C.,* of Milwaukee, and oral argument by *Jerome F. Pogodzinski.*

WILLIAM G. CALLOW, J. The state seeks review of a decision of the court of appeals reversing a judgment entered by the circuit court for Racine county, the Honorable Dennis D. Costello presiding, convicting the defendant of speeding in violation of sec. 346.57 (5), Stats. For purposes of review this case was consolidated with *State v. Kramer,* 99 Wis.2d 700, 299 N.W.2d 882 (1981), decided this date, because it presented the same issue relative to the application of the fifth criterion of the presumption of accuracy accorded radar speed devices set forth in *State v. Hanson,* 85 Wis.2d 233, 270 N.W.2d 212 (1978).

On April 24, 1979, at 9:50 a.m., Charles Mills (defendant) was arrested for speeding by Wisconsin State Trooper Dale Wegener. Wegener, using a Kustom Signal MR–7 moving radar device in the moving mode, ascertained Mills' speed at 58 miles per hour in a 45-mile-per-hour zone. At trial Wegener testified that he had tested the radar device, using both internal crystal and external tuning fork tests, at 9:25 a.m. and again at 10:15 a.m. and that at both times the results showed the device was working properly. After timing Mills at 58 miles per hour on the radar unit, Wegener released the unit twice and relocked it on the target vehicle, both times getting a 58-mile-per-hour reading. During that time he checked the speed of his squad car using the radar device's verify position which showed the squad's speed at 45 miles per hour, and he checked that speed against the speed indicated on the squad's speedometer which also indicated 45 miles per hour. Wegener testified that the speedometer on his squad was calibrated on May 9, 1979, by a trackmeter technician using a fifth wheel

device and found to be accurate at speeds from 20 to 70 miles per hour. At the close of the prosecution's case, the defense moved to dismiss on the ground that the state had not met its burden of proof under the fifth criterion of *Hanson, supra.* The trial court denied the motion, and the defendant thereafter testified that he had only been traveling at 35 miles per hour when he was stopped. He also testified that there were high power lines in the area which caused static in the reception of his car's stereo radio and that, while he was seated in the front passenger seat of the squad, he moved his head and noticed that the radar unit indicated a reading of 96 miles per hour. Wegener testified that he did not recall this occurrence. At the close of the defense, Mills was found guilty and ordered to pay a forfeiture. On appeal the defendant argued that neither the third nor fifth *Hanson* criterion had been satisfied.

The court of appeals found that the possibility of distortion caused by the presence of power lines was speculative, and thus the third *Hanson* element had been met.[1] The court then determined that in order to satisfy the fifth *Hanson* element the radar unit must be expertly tested, and there was no evidence that the officer who used the tuning fork test possessed any expert training in that test, nor was there any testimony regarding the accuracy of the tuning forks themselves. On that basis the conviction was reversed.

The issue presented in this case is identical to that presented in *State v. Kramer, supra,* decided this date. In view of our decision in that case, the interpretation given to the fifth *Hanson* criterion by the court of appeals cannot be affirmed.

*By the Court.*—The decision of the court of appeals is reversed.

---

[1] This issue is not presented on this review.