# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-KM-01116-SCT

*JAMES HAROLD STIDHAM*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/09/1998 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAUREL G. WEIR |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 12/02/1999 |
| MOTION FOR REHEARING FILED: | 12/07/99; denied 2/3/2000 |
| MANDATE ISSUED: | 2/10/2000 |

## BEFORE PITTMAN, P.J., MILLS AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. On April 29, 1997, James Harold Stidham was issued a Uniform Traffic Ticket for the misdemeanor offense of speeding 72 mph in a 55 mph zone. The Justice Court of Neshoba County found Stidham guilty of the charge and imposed a fine of $38.50 and assessments of $28.50, for a total of $67.00. Stidham appealed to the Circuit Court of Neshoba County, and, following a trial de novo, the jury returned a guilty verdict, whereupon the circuit court fined Stidham $100.00 plus costs and assessments. Stidham now appeals that judgment, assigning the following issues for review:

**I. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE RADAR EVIDENCE.**

**II. WHETHER ERROR EXISTS IN THE TRIAL COURT DENYING STIDHAM'S MOTION FOR CONTINUANCE.**

**III. WHETHER THE TRIAL COURT VIOLATED STIDHAM'S RIGHT AGAINST DOUBLE JEOPARDY.**

**IV. WHETHER THE TRIAL COURT COMMITTED ERROR WITH RESPECT TO THE PATROLOFFICER'S REFUSAL TO PERMIT STIDHAM TO LOOK AT THE READING ON THE PATROLOFFICER'S RADAR UNIT.**

**V. WHETHER THE TRIAL COURT COMMITTED ERROR IN DENYING THE MOTION TO DISMISS ON THE GROUND THAT THE AFFIDAVIT FAILS TO COMPLY WITH SECTION 169 OF THE MISSISSIPPI CONSTITUTION.**

**VI. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS ON THE GROUND OF THE ALLEGED DEFECT IN THE JUDGMENT OF THE JUSTICE COURT.**

## STATEMENT OF FACTS

¶2. While on routine patrol in Neshoba County, Mississippi, State Highway Patrol Officers Derrick Glenn and Gregg Lucas[1] observed a vehicle which appeared to be speeding. Glenn turned on the radar device and clocked the car at 72 mph in a 55 mph zone.

¶3. After Glenn pulled the car over, the driver, James Harold Stidham, told Glenn he was going 62 mph, not 72 mph. Although Lucas remained in the patrol car, he heard the conversation between Glenn and Stidham.

¶4. Glenn took Stidham's driver's license and returned to the patrol car to write a ticket. Stidham approached the patrol car and demanded to see the radar reading. Glenn refused Stidham's request, and, out of concern for Glenn's safety, Lucas directed Glenn to order Stidham back to his vehicle. Stidham returned to his vehicle, and, after he began to use his telephone, Glenn ordered him to put it away. Glenn then issued the citation and informed Stidham that he was free to leave.

¶5. According to Glenn, he used a tuning fork to verify the accuracy of the radar device three different times on the day he stopped Stidham, and on all three occasions the tuning fork showed a "good" test result. Lucas' testimony as to the radar accuracy checks supported Glenn's testimony.

## DISCUSSION OF LAW

### I. WHETHER THE TRIAL COURT COMMITTED ERROR IN ADMITTING THE RADAR EVIDENCE.

¶6. The admission of evidence is largely within the discretion of the trial court, and we will reverse only where there has been an abuse of discretion. The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence. *McIlwain v. State*, 700 So. 2d 586, 590 (Miss. 1997).

¶7. Stidham asserts that the State failed to lay the proper predicate for the admission of the radar reading. Specifically, he contends that the State offered no proof as to the accuracy of the radar device. This issue is one of first impression in this State. Since we have no decision of this Court directly on point, we look for guidance to analogous cases in this State and cases in other jurisdictions which have passed on this question.

¶8. In *McIlwain v. State*, 700 So. 2d 586 (Miss. 1997), the defendant asserted that the State failed to lay

the proper predicate for the admission of an intoxilizer test result. There we found that a showing of accuracy of the intoxilizer is a condition precedent to admissibility. Although *McIlwain* involved the accuracy of an intoxilizer while the instant case involves the accuracy of a radar device, the cases are analogous, and the rationale of *McIlwain* should apply here. As such, a radar device reading should be deemed admissible only upon a showing of the radar device's accuracy. *See* M.R.E. 901(b)(9). Cases from other jurisdictions have also consistently held that evidence of the accuracy of a radar device is a prerequisite to the admissibility of evidence of speed obtained by use of the device. *See, e.g.*, *People v. Flaxman*, 74 Cal. App. 3d Supp. 16, 141 Cal. Rptr. 799 (1977); *State v. Tomanelli*, 153 Conn. 365, 371, 216 A.2d 625 (1966); *State v. Primm*, 4 Kan. App. 2d 314, 606 P.2d 112 (1980).

¶9. At trial when Glenn testified that the radar device indicated Stidham's speed at 72 mph, Stidham objected on the grounds that there was no proof as to the accuracy of the radar unit. His objection was overruled. The State then provided proof, through Glenn's testimony, that he had used a tuning fork to test the accuracy of the radar device on three occasions on the day he stopped Stidham for speeding, and that all three testings showed a "good" result. Glenn's testimony was supported by Lucas, who testified that he had observed Glenn testing the accuracy of the device on three occasions the day Stidham was stopped and that all tests showed the radar "checked functional." Cases from other jurisdictions have found tuning forks to be acceptable means of proving radar accuracy. *See, e.g., State v. Primm*, 4 Kan. App. 2d 314, 606 P.2d 112 (1980); *State v. Mills*, 99 Wis. 2d 697, 299 N.W.2d 881 (1981).

¶10. It is also generally required that proof be offered that the operator of the radar device is qualified to operate the device. By prevailing authority, the officer need not be an expert in the science of radar or electronics. *See, e.g., State v. Primm*, 4 Kan. App. 2d 314, 606 P.2d 112 (1980); *see also* Thomas J. Goger, Annotation, *Proof, By Radar Or Other Mechanical Or Electronic Devices, Of Violation of Speed Regulations*, 47 A.L.R.3d 822, 859 (1973). Here, Glenn testified that he had undergone sixteen weeks of training at the Highway Patrol Academy, including training in the use of the radar device. Such evidence was sufficient to establish his qualifications to operate the device.

¶11. In sum, the radar evidence of Stidham's speed was admissible and was legally sufficient to sustain the conviction, especially in light of Stidham's admission that he was going 62 mph. Although the radar evidence was admitted before the proper foundation was laid, adequate evidence of the device's accuracy was subsequently introduced. Accordingly, this assignment of error is without merit.

## II. WHETHER ERROR EXISTS IN THE COURT DENYING STIDHAM'S MOTION FOR CONTINUANCE.

¶12. When Stidham failed to appear for trial, his counsel informed the court of Stidham's absence and that he had written to Stidham several times advising him of his trial setting. Nevertheless, Stidham, contacted the morning of the trial by telephone, asked his counsel to request a continuance as he claimed did not have notice of the trial date. Finding that Stidham's failure to appear was either Stidham's fault or his counsel's, the court denied the motion. Stidham contends that the trial court's denial of his motion constitutes an abuse of discretion.

¶13. Section 99-17-9 states in pertinent part that "[i]f a defendant, in a case less than a felony, . . . be in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in the court." Miss. Code Ann. § 99-17-9 (1994). In *Jones v. State*, 204 Miss. 284, 285, 37 So. 2d 311, 311 (1948), we stated that "[i]

n a trial for a misdemeanor, the accused may, by his own fault or misconduct, waive his right to be present."

¶14. For the trial court to be found in error for denying a motion for continuance, the defendant must clearly demonstrate an abuse of discretion. *Coleman v. State*, 697 So. 2d 777, 786 (Miss. 1997). As this is a dispute between Stidham and his counsel over whether Stidham had notice of trial, Stidham fails to clearly demonstrate an abuse of discretion in the trial court's denying his motion for continuance. Accordingly, this assignment of error is without merit.

### III. WHETHER THE TRIAL COURT VIOLATED STIDHAM'S RIGHT AGAINST DOUBLE JEOPARDY.

¶15. At the conclusion of the evidence, Stidham objected to the State's proposed Instruction S-2, the elements-of-the-offense instruction, on the ground that it referred to a "speed limit of 55 miles per hour" at the time and place in question.

¶16. The trial court, initially believing that neither of the patrol officers had testified directly that the 55 mph speed limit was posted at the time and place in question, retracted its earlier ruling denying the motion for directed verdict, and sustained the motion. Immediately thereafter, the trial court requested that the court reporter read back the testimony regarding the speed limit. The court reporter recited Lucas' testimony that "[the vehicle] appeared to be traveling over the posted speed limit, which was fifty-five." The trial court then denied the motion for directed verdict and overruled the objection to S-2.

¶17. Stidham contends that once the court had verbally sustained a motion for directed verdict, the case was dismissed, and the court's subsequent decision to overrule the motion constituted a violation of his protection against double jeopardy. Although Stidham raised the double jeopardy issue in the lower court, he did not do so in this context. It is established that this Court will not review matters on appeal that were not considered by the lower court. *One (1) 1979 Ford 15V, VIN #E14HBEE7506 v. State ex rel. Miss. Bureau of Narcotics*, 721 So. 2d 631, 637 (Miss. 1998) (citing *Ditto v. Hinds County*, 665 So. 2d 878, 880 (Miss. 1995)). Thus, this issue is procedurally barred.[2] Notwithstanding the procedural bar, the argument is without merit.

¶18. The Mississippi Constitution provides, "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." Miss. Const. art. 3, § 22. This Court has held that there must be an actual conviction or acquittal on the merits to support the plea of former jeopardy. *State v. Thomas*, 645 So. 2d 931, 934 (Miss. 1994). Therefore, the issue presented is whether the judge's preliminary expression to grant a directed verdict operated as an acquittal on the merits. Here it is obvious the issue was still open and before the court, as the judge requested the court reporter to review the testimony of the highway patrolman as to the specific proof of the posted speed limit. Once this testimony was located and substantiated, the judge correctly denied the motion for directed verdict. Here, not only was there no signed judgment granting a directed verdict, but it was obvious the issue was open and under active consideration by the court. Therefore, the protection against double jeopardy does not apply, and this portion of Stidham's double jeopardy argument is without merit.

¶19. Stidham also contends that his conviction for speeding subjected him to a double jeopardy violation in that he had already been punished by the State of Alabama revoking his driver's license for "failure to appear in court after being issued a traffic citation."

¶20. A claim of double jeopardy presupposes that the defendant has been placed twice in jeopardy "for the same offense." Miss. Const. art. 3, § 22. In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932), the United States Supreme Court established the test for federal double jeopardy claims, stating, "[t]he applicable rule is that where the same act or transaction constitutes a violation to two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." If each offense contains an element not contained in the other then they are not the same offense and double jeopardy is not at issue. *United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856, 125 L. Ed. 2d 556 (1993).

¶21. The "same elements" methodology of *Blockburger* has been applied by this Court to analyze claims under both federal and state double jeopardy clauses. *See, e.g., Shook v. State*, 552 So. 2d 841, 848 (Miss. 1989). The offense of speeding and the offense of failure to appear in court after being issued a traffic citation are entirely separate offenses, with each offense obviously containing some or all elements not contained in the other. Therefore, this argument is without merit.

### IV. WHETHER THE TRIAL COURT COMMITTED ERROR WITH RESPECT TO THE PATROL OFFICER'S REFUSAL TO PERMIT STIDHAM TO LOOK AT THE RADAR READING.

¶22. Stidham contends that there was "no just reason" for the patrol officer's refusal to permit him to look at the radar reading on the radar device, and that this "suppression of evidence" constitutes a denial of his due process rights, though no authority is cited in support of this claim. It is the appellant's duty to show by plausible argument with supporting authorities, in what way the lower court erred. *See Turner v. State*, 721 So. 2d 642, 648 (Miss.1998); *Wood v. Gulf States Capital Corp.*, 217 So. 2d 257, 273 (Miss. 1968). This claim is without merit.

¶23. The State argues that Stidham is procedurally barred from arguing this assignment of error as he did not contemporaneously object at trial. *Williams v. State*, 684 So. 2d 1179, 1203 (Miss. 1996). We agree. Further, this Court is unaware of any authority which gives a speeding suspect the right to inspect the officer's radar device. Therefore, Stidham's argument presents only the question of whether the officer's refusal to permit him to look at the radar reading casts doubt on whether the officer was testifying truthfully as to the result displayed on the device. As noted by the State, this point was made during cross-examination of Glenn. As such, it was a question relating to the weight of the testimony properly left for the jury to decide. *Eakes v. State*, 665 So. 2d 852, 872 (Miss. 1995). Accordingly, this assignment of error is without merit.

### V. WHETHER THE TRIAL COURT COMMITTED ERROR IN DENYING THE MOTION TO DISMISS ON THE GROUND THAT THE AFFIDAVIT FAILS TO COMPLY WITH SECTION 169 OF THE MISSISSIPPI CONSTITUTION.

¶24. Stidham moved to dismiss the prosecution because the affidavit (uniform traffic ticket) did not conclude with the words "against the peace and dignity of the State" as he claims is required by the Mississippi Constitution. This motion was denied by the circuit court. The State moved for leave to amend the affidavit to include the quoted language, and this motion was denied because the court found the affidavit legally sufficient without the language.

¶25. The constitutional provision at issue only requires the language, "against the peace and dignity of the State," to be in *all indictments*: "The style of all process shall be 'The State of Mississippi,' and all prosecutions shall be carried on in the name and by the authority of 'The State of Mississippi,' **and all indictments** shall conclude 'against the peace and dignity of the state.'" [Miss Const. art. 6, § 169 (1890)](emphasis added).

¶26. The intent and plain wording highlighted in our previous constitution requiring the quoted language for *all prosecutions* is as follows: "The style of all process shall be 'The State of Mississippi,' and **all prosecutions** shall be carried on in the name and by the authority of 'The State of Mississippi,' and shall conclude 'against the peace and dignity of the state.'" Miss. Const. art. 6, § 18 (1869) (emphasis added).

¶27. The construction of a constitutional section is of course ascertained from the plain meaning of the words and terms used within it. ***Ex parte Dennis***, 334 So. 2d 369, 373 (Miss. 1976). If there be no ambiguity, there of course exists no reason for legislative or judicial construction. ***Id.*** There is no ambiguity as to the meaning of "indictment." In contrast to other charging instruments such as affidavits and information, an indictment is an accusation presented on oath by a grand jury. 42 C.J.S. *Indictments and Informations* § 4a at 316 (1991).

¶28. The issue presented here is analogous to the issue in ***Prine v. State***, 143 Miss. 231, 240-241, 108 So. 716, 718 (1926), where we held that failure of the *information* to conclude "against the peace and dignity of the state" was not a defect as it was not required to so conclude. The Court in ***Prine*** obviously followed the plain language of the 1890 Constitution. Therefore, it is both logical and consistent to also exclude affidavits from the required conclusion.

¶29. In ***Powell v. State***, 196 Miss. 331, 17 So. 2d 524 (1944), this Court was presented with the issue of whether a criminal prosecution could begin by an affidavit for a search warrant. We held that such an affidavit could not begin a criminal prosecution, but that an affidavit charging a specific offense is required. 196 Miss. at 333-34, 17 So. 2d at 524. We further stated:

> Moreover, the affidavit for the search warrant does not conclude with the averment that appellant had committed the offense or any offense "against the peace and dignity of the state," which, under Section 169, Const. 1890, is an essential allegation in an indictment or affidavit charging the commission of a crime . . . .

196 Miss. at 334, 17 So. 2d at 524 (citations omitted).

¶30. The holding in ***Powell*** is contrary to the plain language of section 169 of the present Constitution. If we were to interpret the 1890 constitutional provision at issue as having the same meaning as the 1869 constitutional provision, then the change in language from *all prosecutions* to *all indictments* would be rendered meaningless. "[W]here the words or provisions of a statute differ from those of a previous statute on the same subject, they are presumably intended to have a different construction or meaning, and to denote an intention to change the law." 82 C.J.S. *Statutes* § 316 at 553 (1953) (footnotes omitted). That said, insofar as ***Powell*** holds that an affidavit in a misdemeanor case is subject to the requirement of art. 6, § 169 that the words "against the peace and dignity of the State," should be included, it is overruled. Accordingly, this assignment of error is without merit.

## VI. WHETHER THE TRIAL COURT COMMITTED ERROR IN DENYING

**STIDHAM'S MOTION TO DISMISS ON THE GROUND OF THE ALLEGED DEFECT IN THE JUDGMENT OF THE JUSTICE COURT.**

¶31. Stidham argues as his final point of error, that there was no signed judgment of Stidham's guilt on record in justice court before the appeal was filed in the circuit clerk's office; and therefore, the circuit court was without jurisdiction to entertain the case. Although there may not have been a signed judgment on record in justice court at that time, Stidham's argument is, nonetheless, without merit. Any defect in the judgment of the justice court is harmless because Stidham appealed and received a jury trial de novo in circuit court, as provided by law, Miss. Code Ann. § 99-35-1 (1994).

## CONCLUSION

¶32. Finding no reversible error below, we affirm the judgment of the Neshoba County Circuit Court.

¶33. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. Lucas was Glenn's field training officer. Although Glenn was undergoing training, he had already been sworn in as a Mississippi Highway Patrol Officer.

2. Although this Court has held that claims of double jeopardy will not be reviewed where the appellant failed to raise the issue below, a persuasive dissent usually follows reminding the Court that procedural bars do not apply where error affects a fundamental constitutional right as protection against double jeopardy is such a fundamental right. *See, e.g., Watts v. State*, No. 1998-CP-01082-SCT, 1999 WL 605831 (Miss. Aug. 12, 1999) (Sullivan, P.J., concurring in part and dissenting in part).