**George DALE, Commissioner of Insurance of the State of Mississippi Plaintiff**

v.

**FAMILY GUARANTY LIFE INSURANCE COMPANY Defendant**

No. CIV.A.3:02–CV–259BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 14, 2002.

Charles Greg Copeland, Robert C. Richardson, Janet G. Arnold, Copeland, Cook, Taylor & Bush, Ridgeland, for George Dale, Commissioner of Insurance of the State of Mississippi, plaintiffs.

David B. Miller, Office of the Attorney General, James L. Robertson, Wise, Carter, Child & Caraway, Jackson, for Family Guaranty Life Insurance Company, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff to Remand. The Court has considered the motion, response, rebuttal, attachments to each, and supporting and opposing authority, and finds that the motion is well taken and should be granted.

### I. Factual Background and Procedural History

The record shows that on May 10, 1999, George Dale, in his capacity as Commissioner of Insurance for the State of Mississippi, instituted an action against Family Guaranty Life Insurance Company ("FGL") for Rehabilitation under Mississippi Code Annotated Section 83–24–1, *et seq.*, in the Chancery Court of the First Judicial District of Hinds County, Mississippi. On June 29, 1999, the chancery court entered a Final Order of Liquidation and Finding of Insolvency which provides, in relevant part: "No action at law or in equity or in arbitration may be brought against [FGL] or [Dale], whether in Mississippi or elsewhere. Such existing actions may not be maintained or further presented or prosecuted after issuance of this Liquidation Order. All claims must be submitted through the claims process." [1]

On September 18, 2001, Utica Mutual Insurance Company ("Utica"), which had issued institution bonds to FGL, filed a lawsuit in the United States District Court for the Middle District of Tennessee through its lead counsel Keith A. Hanson ("Hanson") and William H. Tate ("Tate"). In the Tennessee action, Utica seeks recission of the subject bonds or a declaratory judgment that the bonds do not provide coverage for any of the losses sustained by FGL. On January 25, 2002, based on the Tennessee lawsuit, Dale and Betty Cordial ("Cordial") [2] filed a complaint in the underlying chancery court liquidation proceeding for a finding that Utica, Hanson and Tate ("contempt defendants") were in contempt of the final order entered in that case. Tate and Utica were served with a copy of the complaint on February 15, 2002, and February 19, 2002, respectively. Hanson alleges that he was not properly served. On March 15, 2002, the contempt defendants removed the entire underlying chancery court liquidation proceeding, including the Complaint for Finding of Contempt, to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Dale now moves to remand the case on the bases of (1) lack of subject matter jurisdiction, (2) preemption under the McCarran–Ferguson Act, codified at 15 U.S.C. § 1012(b), and/or (c) abstention under the principles articulated by the United States Supreme Court in *Burford v. Sun Oil, Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) or *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

### II. Analysis

It is well settled that the party removing a lawsuit to federal court bears the burden of proving that federal subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). The parties do not dispute that this Court lacks subject matter jurisdiction over the underlying liquidation proceeding. The contempt defendants, however, allege

---

**1.** Motion to Remand, Exhibit B, ¶ M.

**2.** Cordial was appointed the Deputy Rehabilitator of FGL by the May 12, 1999, Order of the chancery court.

that the contempt proceeding is a separate and distinct action over which this Court may properly assert diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

In support of their argument, the contempt defendants rely on *Levin v. Tiber Holding Co.*, 1999 WL 649002 (S.D.N.Y. 1999). In *Levin*, the Superintendent of Insurance of the State of New York commenced a special preceding in the New York Supreme Court seeking to hold the defendant in contempt of an consent order which had been entered in June of 1985. The contempt proceeding was removed to federal court on the basis of diversity of citizenship jurisdiction. The Superintendent, in support of his motion to remand, argued that the federal court lacked subject matter jurisdiction as the contempt proceeding was ancillary to an ongoing state court proceeding.

The district court, however, found that under New York State law; the contempt proceeding had to be treated as an action independent of the underlying state court proceeding. This finding was supported on two grounds. First, under New York State law contempt proceedings against a non-party to the underlying litigation must be brought by a special proceeding under Article 4 of the New York Civil Practice Law and Rules. An Article 4 special proceeding, as interpreted by New York law, constitutes an independent prosecution which rests upon "it own jurisdictional feet." *Id.*, at *1 (citation omitted). Second, under New York law, a contempt proceeding against a non-party cannot be pursued by motion or supplementary proceeding in the underlying litigation. *Id.* The New York district court, upon a finding that the contempt proceeding was a "civil action separate and independent from the underlying state action," concluded that federal subject matter jurisdiction

could properly be asserted over that action. *Id.*, at *2.

In the case *sub judice*, Mississippi law governs the issue of whether the contempt proceeding is a separate and independent action for the purpose of removal. The contempt defendants have not presented any Mississippi authority to show that the contempt proceeding initiated against them in the underlying liquidation proceeding is considered a separate and independent civil action. Further, there has been no showing that Dale and Cordial were barred by Mississippi law from instituting their contempt proceeding against the non-party contempt defendants as a supplementary proceeding in the underlying liquidation. As the contempt defendants have failed to show otherwise, the Court presumes that the contempt proceeding is ancillary to the underlying liquidation proceeding. As the Court cannot exercise federal subject matter jurisdiction over the underlying liquidation proceeding, it cannot exercise federal subject matter jurisdiction over the contempt proceeding.

The Court finds for another reason under Mississippi law that it cannot exercise jurisdiction over the contempt proceeding. *See e.g. Culpepper v. Mississippi*, 516 So.2d 485, 487 (Miss.1987) (finding that "[t]he authorities are legion that the power to punish for contempt rests solely with the court contemned, and one court cannot punish a contempt against another court."). *See also Kitchens v. State*, 293 So.2d 815, 815 (Miss.1974) (holding that "[i]t is a well established rule that the power to judge a contempt rests exclusively with the court contemned, and that no court is authorized to punish a contempt against another court.").

The Court finds, based on the arguments presented, that the contempt defendants have failed to satisfy their burden of proving that this Court may properly exer-

cise federal subject matter jurisdiction in this case. Accordingly, the Court finds that the above referenced case should be remanded under 28 U.S.C. § 1447(c). The Court does not consider the other grounds raised by Plaintiff in support of the Motion to Remand.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [9–1] is hereby granted. The above referenced case is hereby remanded to the Chancery Court for the First Judicial District of Hinds County, Mississippi.